# IN RE THE PETITION OF WILLIAM HARRISON GRAY, a/k/a RICHARD SIMONEAU.

No. 95-376.
Decided September 19, 1995.
52 St.Rep. 1041.
274 Mont. 1.
908 P.2d 1353.

## ORDER

Petitioner William Harrison Gray, appearing pro se, moves this Court for permission to allow him to proceed with a petition for post-conviction relief even though the five-year statute of limitation has expired.

In 1986, Petitioner was charged and convicted of robbery. He was sentenced to 40 years in the Montana State Prison plus an additional

ten years for the use of a dangerous weapon, the ten years to be served consecutively.

A petitioner may file a petition for post conviction relief with this Court under § 46-21-101, MCA, if he believes his conviction is invalid due to substantive or procedural error. But, § 46-21-102, MCA, provides that such petitions must be filed "within 5 years of the date of the conviction."

The post-conviction statute of limitation is a jurisdictional limit on litigation and its waiver may only be justified by a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity. See, *State v. Perry* (1988), 232 Mont. 455, 758 P.2d 268; *Smittie v. Lockhart* (8th Cir. 1988), 843 F.2d 295.

Nine years have elapsed since Petitioner was convicted. Because his petition is untimely under § 46-21-102, MCA, Petitioner asks this Court to grant him leave to proceed with his petition beyond the five year limitation. Petitioner's claim that he was ignorant of the law for several years and needed time to familiarize himself with the law in order to present a pro se defense, is not an adequate reason to set aside the statute.

Petitioner's petition was not timely filed and is clearly barred under § 46-21-102, MCA, and should be dismissed.

IT IS HEREBY ORDERED that Petitioner's petition for post conviction relief is denied.

DATED this 19th day of September, 1995.

J. A. Turnage, Chief Justice
James C. Nelson, Justice
Karla M. Gray, Justice
William E. Hunt, Sr., Justice
William Leaphart, Justice