No. 97-722

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 102N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

AARON FRANCIS SCOTT,
Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Carter,
The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Aaron Francis Scott, Pro Se, Deer Lodge, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Jennifer Anders, Assistant Attorney General;
Helena, Montana

Richard O. Harkins, Carter County Attorney;
Ekalaka, Montana

Submitted on Briefs: April 16, 1998

Decided: April 30, 1998
Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1   Pursuant to Section I, paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   Aaron Francis Scott petitioned the District Court for the Sixteenth Judicial District in Carter County for postconviction relief.  The District Court denied the petition.  Scott appeals.  We affirm the judgment of the District Court.

¶3   The sole issue on appeal is whether the District Court erred when it denied Scott's petition for postconviction relief.

FACTUAL BACKGROUND

¶4   On July 6, 1992, Aaron Francis Scott pled guilty to the charge of deliberate homicide in the District Court for the Sixteenth Judicial District in Carter County.  Pursuant to the plea agreement, it was recommended that Scott receive a forty-year prison sentence, with an additional ten-year consecutive sentence for use of a weapon.  On October 6, 1992, the District Court imposed the recommended sentence pursuant to the plea agreement, with the additional restriction that Scott is ineligible for parole for the first ten years of his sentence.

¶5   On October 10, 1997, Scott filed a petition for postconviction relief. He sought to modify the sentence to remove the restriction on his parole eligibility.  He based his petition on the grounds that he had not been advised of the possible parole restriction at the time that he entered his guilty plea, as he alleges was required by § 46-12-210(1)(a)(iii), MCA.

¶6   The District Court denied the petition on the grounds that it was untimely, pursuant to § 46-21-102, MCA (1995).

DISCUSSION

¶7   Did the District Court err when it denied Scott's petition for postconviction relief?

¶8   We review a district court's conclusions of law in a postconviction relief matter to determine whether they are correct.  See State v. Sullivan (Mont. 1997), 948 P.2d 215, 218, 54 St. Rep. 1128, 1129.

¶9   Section 46-21-102, MCA (1995), requires a defendant to file a petition for postconviction relief within five years from the date of his conviction. Scott's petition in this case was filed at least five years and four days after his 1992 conviction.

¶10  This Court has held that the postconviction statute of limitation may be justifiably waived "by a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity."  In re Petition of Gray (1995), 274 Mont. 1, 2, 908 P.2d 1352, 1352.

¶11  We have yet to clarify in this context what kind of action would constitute a miscarriage of justice that would render a judgment a complete nullity.  Based upon the authority relied upon in Gray when this Court developed the above exception, however, we hold that no such miscarriage of justice has occurred here.

¶12  Gray cites State v. Perry (1988), 232 Mont. 455, 758 P.2d 268, and Smittie v. Lockhart (8th Cir. 1988), 843 F.2d 295, as examples of when a statute of limitation should be waived.  In Perry, the State attempted to use the statute of limitation to bar a defendant's petition, despite the fact that the grounds for his petition were not apparent until many years after the statute had run.  There, we recharacterized the petition as one for habeas corpus, but still held that the defendant was not entitled to relief.  Scott has urged us to do the same and to treat his petition as one for habeas corpus.  However, Scott has clearly stated that he does not feel that he is being unlawfully detained, but rather that he seeks a modification of his sentence.  Accordingly, we decline to treat this as a petition for habeas corpus in order to avoid the statute of limitation.

¶13  The discussion in Smittie is much more illuminating as to what this Court had in mind in Gray when it held that in certain circumstances a statute of limitation could be waived.  The Eighth Circuit stated that the grounds for waiver are "extremely limited," and then listed the following examples, among others, as insufficient: involuntary plea; conviction based on misidentification; guilty plea to a crime not charged; and ineffective assistance of counsel.  See Smittie, 843 F.2d at 297-98.  Scott's basis for postconviction relief is certainly no more a "miscarriage of justice" than the examples from Smittie that we relied on in Gray.  Accordingly, we hold that no miscarriage of justice has occurred which would be sufficient to render the judgment a complete nullity, and that the statute of limitation should be enforced.

¶14  We hold that the District Court did not err when it enforced the statute of limitation and ordered that Scott's motion was untimely.  We affirm the judgment of the District Court.

/S/  TERRY N. TRIEWEILER

We Concur:

/S/  J. A.  TURNAGE
/S/  WILLIAM E. HUNT, SR.
/S/  W. WILLIAM LEAPHART
/S/  KARLA M. GRAY