No. 98-334

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 220N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICHARD LEE MUSCHIK,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard Lee Muschik, *Pro Se*, Pekin, Illinois

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;

Patricia J. Jordan, Ass't Attorney General, Helena, Montana

Robert L. "Dusty" Deschamps, III, Missoula County Atorney;

Fred Van Valkenburg, Deputy County Attorney, Missoula, Montana

No

Submitted on Briefs: August 27, 1998

Decided: September 3, 1998

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶ **Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

¶ Richard Lee Muschik (Muschik), appearing *pro se*, appeals from the Opinion and Order entered by the Fourth Judicial District Court, Missoula County, in which the court refused to revisit its earlier denial of Muschik's petition for postconviction relief. We affirm.

¶ The sole issue on appeal is whether Muschik's petition for postconviction relief was time-barred.

¶ Muschik pled guilty to two counts of criminal sale of dangerous drugs in the District Court in 1990. Judgment and sentence were entered in September of that year. The District Court sentenced Muschik to two concurrent terms of imprisonment, both suspended.

¶ In 1991, the State of Montana (State) petitioned to revoke the suspended sentences. In August of 1992, the District Court did so, sentencing Muschik to prison and allowing him to serve the state sentence in federal prison at the same time as his sentence on a federal drug charge.

¶ In November of 1997, Muschik filed a document deemed a petition for postconviction relief in the District Court. He raised four separate grounds for relief. The State responded that Muschik's petition was time-barred. The District Court denied the petition on the basis that both the 5-year period of limitations for filing a petition for postconviction relief contained in earlier versions of § 46-21-102, MCA, and the 1-year period of limitations contained in § 46-21-102, MCA (1997), had passed and no clear miscarriage of justice rendered Muschik's judgment of conviction a complete nullity.

¶ Muschik subsequently filed a "Motion for Summary Judgement to the Writ of Error Corum [sic] Nobis." The State responded. Thereafter, the District Court issued its Opinion and Order determining that Muschik's "Motion" was essentially a repetition of the earlier petition for postconviction relief which it had denied, refusing the revisit the issue and denying the motion. Muschik appeals.

¶ *Did the District Court err in concluding that Muschik's petition for postconviction relief was time-barred and in refusing to revisit the issue?*

¶ At the time of both Muschik's original conviction in 1990 and the revocation of his suspended sentences in 1992, the period of limitations for filing a petition for postconviction relief was within 5 years of the date of conviction. *See* §§ 46-21-102, MCA (1989), and 46-21-102, MCA (1991). The Montana Legislature amended the statute in 1997 to shorten the period of limitations to 1 year from the date the conviction became final. *See* § 46-21-102, MCA (1997). The amendment was effective on April 24, 1997, prior to Muschik's filing of his petition for postconviction relief in November of 1997.

¶ Muschik's conviction on the state drug charges was in 1990. The revocation of his suspended sentences occurred in August of 1992. Using either of those dates, it is clear

that the 5-year period of limitations for filing a petition for postconviction relief contained in the 1989 and 1991 versions of § 46-21-102, MCA, had passed before Muschik filed his petition in November of 1997. Moreover, if the 1-year limitation period contained in § 46-21-102, MCA (1997), applied to Muschik's 1997 petition, that period had long since passed. As a result, Muschik's petition was time-barred under § 46-21-102, MCA, and we hold that the District Court did not err in so concluding.

¶ Muschik advances no argument pursuant to which the period of limitations contained in § 46-21-102, MCA, could properly be "waived" under the circumstances of this case. Furthermore, we have held that neither ignorance of the law nor the need for time to present a *pro se* defense constitutes an adequate reason to set aside the clear dictates of § 46-21-102, MCA. *See* Petition of Gray (1995), 274 Mont. 1, 2, 908 P.2d 1352.

¶ We hold that the District Court did not err in denying Muschik's petition for postconviction relief and in refusing to revisit that issue in response to Muschik's subsequent motion.

¶ Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART