*125 OPINION AND ORDER
¶1 Sherman Paul Hawkins (Hawkins) has filed with this Court a petition for postconviction relief alleging ineffective assistance of his trial counsel. The State of Montana has responded contending that Hawkins’ petition should be summarily dismissed by this Court as either time barred or as a successive petition.
Background
¶2 Hawkins was convicted in 1973 of first-degree murder in the shooting death of his wife and sentenced to life imprisonment. This Court upheld his conviction and sentence in State v. Hawkins (1974), 165 Mont. 456, 529 P.2d 1377. In 1983, Hawkins filed a petition for postconviction relief alleging ineffective assistance of his trial counsel for, among other things, “failfing] to call witnesses in the proper manner to develop certain exculpatory testimony favorable to the defense.” That petition was denied by the district court and was not appealed.
¶3 On November 14, 1997, Hawkins filed a petition for postconviction relief with the District Court for the Thirteenth Judicial District, Yellowstone County. In this petition, Hawkins alleged that his trial counsel was ineffective for failing to locate and interview several witnesses who Hawkins claimed would have proved evidence in mitigation of his guilt. The District Court summarily dismissed his petition on the basis that Hawkins did not attach to his petition affidavits or other factual documents as required by § 46-21-104(l)(c), MCA, and that the issue raised by Hawkins in his petition had been *126 resolved in a prior proceeding and could not be raised again in a subsequent petition.
¶4 Hawkins appealed to this Court, including with his appeal the necessary affidavits, and petitioned this Court for postconviction relief in an original proceeding. The State, assuming the matter would be treated as an appeal, responded by urging this Court to affirm the District Court’s dismissal based on Hawkins’ failure to attach supporting affidavits to his District Court petition and on the basis of res judicata. ¶5 By Order of July 21,1998, we determined that § 46-21-101, MCA (1991), allowing petitions for postconviction relief to be filed directly with this Court, applied in this instance. While § 46-21-101, MCA, was amended in 1997 to require that petitions for postconviction relief be “filed with the district court in the county where the lower court is located,” that amendment applies only to convictions that became final after April 24,1997. Since Hawkins’ conviction became final in 1974, we considered Hawkins’ filing as a petition for postconviction relief rather than as an appeal from the order of the District Court. Thus we ordered the State to file a supplemental response addressing the merits of Hawkins’ petition for postconviction relief. The State responded contending that Hawkins’ petition should be dismissed by this Court as either time barred or as a successive petition.
Discussion
¶6 In his petition for postconviction relief, Hawkins alleges that his trial counsel was ineffective for failing to locate and interview several witnesses who would have proved evidence in mitigation of his guilt. Hawkins contends that his wife confided to these witnesses that Hawkins was not the biological father of the two children Hawkins believed were his. Hawkins argues that it was this disclosure from his wife that sent him into a rage causing him to shoot her. While Hawkins was unable to produce any witnesses at trial that may have overheard this conversation with his wife the night she was killed, Hawkins claims that he told his attorney to contact certain of his wife’s friends to whom she may have confided this information, but that his attorney failed to do so. Hawkins alleges that he only recently became aware that his wife had indeed confided this information to several friends, thus he argues on the basis of newly discovered evidence.

Statute of Limitations

¶7 The State argues that Hawkins’ petition for postconviction relief should be dismissed because it is time barred under § 46-21-102, *127 MCA (1991), which requires that a “petition for the relief referred to in 46-21-101 may be filed at any time within 5 years of the date of the conviction.” Since Hawkins was convicted more than twenty years ago, the State argues that we should dismiss Hawkins’ petition as untimely.
¶8 Hawkins, on the other hand, contends that the proper statute to apply in this situation is the statute that was in effect in 1973, when he was convicted. This statute provided that a petition for postconviction relief could be filed “any time after conviction.” Section 95-2604, RCM (1967).
¶9 To determine whether a petition is timely, this Court looks to the statute of limitations in effect at the time the petition for postconviction relief is filed, not to the statute in effect at the time of the conviction. See State v. Howard (1997), 282 Mont. 522, 527, 938 P.2d 710, 713. Section 95-2604, RCM (1967), was amended in 1981 to require that a “petition for [postconviction] relief may be filed at any time within 5 years of the date of the conviction.” Section 46-21-102, MCA (1981). This statute was again amended in 1991 and is the statute under which the State argues that we should decide this case. The 1991 amendments to the statute remained in effect until 1997, when the legislature imposed a one-year statute of limitations on postconviction petitions.
¶10 Both Hawkins and the State are in agreement that the 1997 amendments do not apply in this case. As the Compiler’s Comments to § 46-21-102, MCA (1997), make clear, the 1997 amendments only apply to proceedings in which the conviction became final after April 24,1997, or during the 12 months prior to April 24,1997, if a petition under Title 46, chapter 21, has been filed within the 12 months after April 24,1997. Since Hawkins’ conviction was filed more than twenty years prior to the April 24,1997 effective date, the 1997 statute does not apply to Hawkins’ petition for postconviction relief. Hence, contrary to Hawkins’ contentions, his petition is subject to the five-year statute of limitations as set forth in § 46-21-102, MCA (1991), as argued by the State.
¶11 Nevertheless, Hawkins contends that his petition for postconviction relief is not time barred because he has newly discovered mitigating evidence proving that he committed the crime under extreme mental and emotional stress. This Court has previously held that the statute of limitations for postconviction proceedings may be waived if there is a clear miscarriage of justice, one so obvious that the *128 judgment is rendered a complete nullity. Petition of Gray (1995), 274 Mont. 1, 2, 908 P.2d 1352, 1352 (citing State v. Perry (1988), 232 Mont. 455, 758 P.2d 268).
¶12 However, in Beach v. Day (1996), 275 Mont. 370, 374, 913 P.2d 622, 624, we held that Perry’s “miscarriage of justice” exception does not apply to postconviction claims unless they allege newly discovered evidence which would establish that the defendant did not commit the offense. In Perry, the newly discovered evidence consisted of recantations by a co-defendant which implicated the co-defendant, rather than Perry, as primarily responsible for the victim’s murder. More recently, in State v. Gollehon (1995), 274 Mont. 116, 120, 906 P.2d 697, 700, we limited Perry to its facts.
¶ 13 In the case sub judice, Hawkins contends that the witnesses his attorney failed to discover would have testified that Hawkins’ wife made statements to him prior to her death that sent him into a rage causing him to shoot her. As the State points out, rather than being “newly discovered,” this evidence of Hawkins’ mental state was available at the time of trial through Hawkins himself.
¶14 Moreover, Hawkins’ trial counsel, whose claimed ineffectiveness is the basis for Hawkins’ petition, is now deceased. The State would suffer a miscarriage of justice if Hawkins were allowed to make a claim on the merits since the State’s primary witness, Hawkins’ trial counsel, is not available.
¶15 Thus, pursuant to § 46-21-102, MCA (1991), Hawkins’ petition for postconviction relief is time barred.

Successive Petition

¶16 The State also argues that Hawkins’ petition for postconviction relief is barred as a successive petition under § 46-21-105(1), MCA (1991). While the State is correct that the 1997 amendments to § 46-21-105, MCA, which included a provision to prohibit raising ineffectiveness or incompetence of counsel in a second or subsequent petition, do not apply in this case because of the April 24,1997 effective date, the State is incorrect that the 1991 statute applies.
Section 46-21-105, MCA, was amended in 1995. It provides:
(1) All grounds for relief claimed by a petitioner under 46-21-101 must be raised in the original or amended petition. The original petition may be amended only once. At the request of the state or on its own motion, the court shall set a deadline for the filing of the amended petition. If a hearing will be held, the deadline must be reasonably in advance of the hearing but may not be less than 30 *129 days prior to the date of the hearing. Those grounds for relief not raised in the original or amended petition are waived unless the court on hearing a subsequent petition finds grounds for relief that could not reasonably have been raised in the original or am.ended petition.
(2) When a petitioner has been afforded a direct appeal of the petitioner’s conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition. [Emphasis added.]
¶17 Hawkins filed an original postconviction petition in 1983 wherein he alleged ineffective assistance of counsel for “fail[ing] to call witnesses in the proper manner to develop certain exculpatory testimony favorable to the defense.” Hawkins filed another postconviction petition in the District Court in 1997, again alleging ineffective assistance of counsel. Hawkins subsequently petitioned this Court for postconviction relief and we decided to consider Hawkins’ filing as a petition for postconviction relief rather than as an appeal from the District Court’s order denying his earlier petition. Thus, this is Hawkins’ third petition alleging ineffective assistance of counsel.
¶18 There is nothing in Montana’s statutory law that allows a petitioner three chances to present a claim for collateral relief. Furthermore, Hawkins’ claim that trial counsel failed to discover witnesses to corroborate Hawkins’ claim of mitigating evidence regarding the statements made to him by his wife, is the type of claim which Hawkins could reasonably have raised in his original petition in 1983. Hawkins’ claim faulting trial counsel for having failed to discover witnesses whose testimony about which Hawkins should have had knowledge, does not constitute a reasonable excuse for not raising it in the original petition.
¶19 Thus, pursuant to § 46-21-105, MCA (1995), Hawkins’ petition for postconviction relief is barred as a successive petition. Based on the foregoing,
¶20 IT IS ORDERED that Hawkins’ petition for postconviction relief is DENIED.
¶21 IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Opinion and Order by mail to Hawkins and to the Office of the Attorney General.
¶22 DATED this 20th day of April, 1999.
*130 CHIEF JUSTICE TURNAGE, JUSTICES NELSON, REGNIER and GRAY concur.