No. 99-242

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 194N

RICHARD W. PAIGE,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard W. Paige, Pro Se, Deer Lodge, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

---

Submitted on Briefs: March 30, 2000

Decided: July 18, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶By Information filed in the District Court for the Fourth Judicial District in Missoula County, the Defendant, Richard Paige, was charged with two counts of felony assault, two counts of misdemeanor partner assault, misdemeanor obstruction of a police officer, misdemeanor assault, felony burglary, and felony aggravated burglary. Paige entered into a plea agreement in which he agreed to plead guilty to misdemeanor obstruction of a police officer and felony burglary, in return for the State's recommendation that the remaining charges be dismissed. Paige was sentenced to 6 months for obstruction of a police officer and 20 years for burglary. Paige filed a petition for postconviction relief which was dismissed by the District Court as untimely, pursuant to the statute of limitations found at § 46-21-102, MCA (1997). Paige appeals the District Court's dismissal of his petition for postconviction relief. We affirm the judgment of the District Court.

3. ¶The sole issue presented on appeal is whether the District Court erred when it denied Paige's petition for postconviction relief.


FACTUAL BACKGROUND


1. ¶On March 4, 1996, Paige was charged by Information with the following offenses: felony assault, misdemeanor partner assault, and misdemeanor obstruction of a police officer. Paige entered a plea of not guilty on March 11, 1996, and was released from jail on his own recognizance with the conditions that he not have any contact with the victim, not come within the city limits of Missoula, not drink alcohol, and not possess any firearms.

2. ¶On March 16, 1996, Paige was charged by a separate Information with the following offenses: misdemeanor partner assault, felony assault, misdemeanor assault, felony burglary, and felony aggravated burglary. The two cases against Paige were consolidated, and Paige, with the assistance of his attorney, Larry Mansch, entered into a plea agreement with the State. On June 11, 1996, Paige entered a guilty plea to obstruction of a police officer and burglary. In accordance with the plea agreement, the State recommended dismissal of the remaining charges

and recommended sentences of 6 months for obstruction of a police officer and 20 years for burglary.

3. ¶On June 11, 1996, the District Court sentenced Paige to 6 months for obstruction of a police officer and 20 years for burglary, with the sentences to run concurrently. On June 15, 1996, judgment was entered on the first Information filed against Paige, and on June 22, 1996, judgment was entered on the second Information filed against Paige. Paige did not appeal either judgment.

4. ¶On August 11, 1998, Paige filed a pro se petition for postconviction relief. Paige's petition appeared to contend that Paige was denied effective assistance of counsel because his attorney did not spend enough time with him, gave him misinformation about his sentence, and coerced his plea, and that the District Court abused its discretion by accepting the plea agreement because it failed to inquire into Paige's use of Nortriptyline, an antidepressant drug, at the time of his guilty plea.

5. ¶On March 5, 1999, the District Court denied Paige's request for an evidentiary hearing and dismissed Paige's petition for postconviction relief for several reasons, including that the petition was procedurally barred by the applicable one-year statute of limitations found at § 46-21-102, MCA (1997).

## STANDARD OF REVIEW

1. ¶The standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *See State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

## DISCUSSION

1. ¶Did the District Court err when it denied Paige's petition for postconviction relief?

2. ¶Paige asserts that the District Court erred when it dismissed his petition and denied him an evidentiary hearing where he could present evidence that his guilty plea was coerced, that he was impaired at the time of the plea because of his use of Nortriptyline, an antidepressant medication, and that he received ineffective assistance of counsel from his attorney Mansch.

3. ¶In response, the State points out that Paige's petition for postconviction relief was untimely pursuant to § 46-21-102, MCA (1997), which provides a one-year statute of limitations, and that the miscarriage of justice exception set forth in *State v. Perry* (1988), 232 Mont. 455, 758 P.2d 268, is not applicable, and, therefore, the District

Court properly dismissed Paige's petition.

4. ¶Section 46-21-102, MCA (1997), provides the following in relevant part:

(1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:

(a) the time for appeal to the Montana supreme court expires.

The Compiler's Comments to this statute provide that the amendments to § 46-21-102, MCA (1997), apply to proceedings in which the conviction becomes final after April 24, 1997, or during the 12 months prior to April 24, 1997 if a petition for postconviction relief is filed within the 12 months after April 24, 1997.

1. ¶Judgment was entered against Paige on June 15, 1996 for the charges in the first Information filed, and on June 22, 1996, for the charges in the second Information filed. Pursuant to Rule 5(b), Montana Rules of Appellate Procedure, an appeal from a judgment entered in a criminal case "must be taken within 60 days after entry of judgment appealed from." Because Paige did not appeal his convictions within 60 days following the date judgment was entered against him, his convictions were considered final after 60 days. Accordingly, Paige's convictions were considered final on August 15 and 22, 1996.

2. ¶The District Court concluded the following:

Because Richard Paige's conviction was final within twelve months prior to April 24, 1997, a timely filed petition for post-conviction relief under revised statute § 46-21-102, M.C.A. (1997) would have been by April 24, 1998. Because the petition was not filed until August 11, 1998, it is procedurally barred by the applicable statute of limitations found within § 46-21-102, M.C.A. (1997).

1. ¶We agree. Moreover, we previously held in *Petition of Gray* (1995), 274 Mont. 1, 908 P.2d 1352, that the statute of limitations for postconviction petitions is a "jurisdictional limit on litigation and its waiver may only be justified by a clear

miscarriage of justice, one so obvious that the judgment is rendered a complete nullity." *Petition of Gray*, 274 Mont. at 2, 908 P.2d at 1352; *see also State v. Perry* (1988), 232 Mont. 455, 758 P.2d 268.

2. ¶Additionally, in *State v. Redcrow*, 1999 MT 95, 294 Mont. 252, 980 P.2d 622, we defined the miscarriage of justice exception to § 46-21-102, MCA, to require that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Redcrow,* ¶ 33.

3. ¶In his petition for postconviction relief, Paige does not assert that he is innocent of the conduct for which he was convicted. Nor does the record reveal a fundamental miscarriage of justice. Therefore, we conclude that the District Court properly applied the procedural bar pursuant to § 46-21-102, MCA (1997), and properly found that Paige's petition was untimely. We further conclude that the District Court did not err when it dismissed Paige's petition for postconviction relief.

4. ¶The judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART