No. 99-631

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 236N

VINCENT S.B. HALLAM,

Petitioner/ Appellant,

v.

STATE OF MONTANA,

Respondent/ Respondent.

APPEAL FROM: District Court of the Third Judicial District,

In and for the County of Powell,

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Vincent S. B. Hallam, Shelby, Montana (*pro se*)

For Respondent:

Joseph P. Mazurek, Montana Attorney General, John Paulson, Assistant Montana Attorney General, Helena, Montana; Brant S. Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: April 27, 2000

Decided: August 29, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 On January 19, 1976, a jury found Vincent S.B. Hallam (Hallam) guilty of one count of arson and three counts of deliberate homicide. On November 16, 1992, Hallam filed a petition for postconviction relief with the Third Judicial District Court, Powell County. The District Court dismissed Hallam's petition as untimely. We affirm.

¶3 The dispositive issue on appeal can be stated as follows:

Did the District Court properly dismiss Hallam's petition for postconviction relief for being untimely filed?

## FACTUAL BACKGROUND

¶4 On January 19, 1976, a jury found Hallam guilty of one count of arson and three counts of deliberate homicide in the Eight Judicial District Court, Cascade County. Hallam was sentenced to consecutive terms of 100 years on each of the three homicide convictions and 20 years on the arson conviction. Hallam appealed from the judgment and his sentence. On February 6, 1978, we affirmed the deliberate homicide convictions while reversing the arson conviction. State v. Hallam (1978), 175 Mont. 492, 575 P.2d 55.

¶5 On April 20, 1992, more than 14 years after his homicide convictions became final, Hallam filed a petition for writ of *habeas corpus* in the Third Judicial District Court,

Powell County. The State responded with a motion to dismiss. On September 9, 1992, the District Court dismissed Hallam's writ of *habeas corpus* but granted him an additional 60 days to amend his pleadings to conform to the requirements for a petition for postconviction relief.

¶6 On November 16, 1992, Hallam filed a petition for postconviction relief. The State responded with a motion to dismiss on the grounds that the petition was untimely. On July 27, 1999, the District Court granted the State's motion and dismissed the petition for postconviction relief as untimely filed. Hallam now appeals *pro se* from the District Court's dismissal of his petition.

## STANDARD OF REVIEW

¶7 We review a district court's denial of postconviction relief for whether its findings of fact are clearly erroneous and whether its conclusions of law are correct. State v. Hanson, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9. The issue of timeliness of a postconviction petition is a legal question. Therefore our review is *de novo* to determine if the District Court correctly interpreted the law. State v. Howard (1997), 282 Mont. 522, 524, 938 P.2d 710, 711.

## DISCUSSION

¶8 Did the District Court properly dismiss Hallam's petition for postconviction relief for being untimely filed?

¶9 Hallam argues that we should disregard the appropriate statute of limitations for his petition. We will not individually address each attempt at legal argument. Rather, we will lump them into comprehendible groups. First, he argues that the word may in § 46-21-102, MCA, means that the time of limitation is discretionary. The relevant language is as follows:

> a petition for relief referred to in 46-21-101 **may** be filed at any time within 5 years of the date of conviction. (Emphasis added.)

Section 46-21-102, MCA (1981). Hallam argues that if the legislature did not intend the period of limitation to be discretionary they would have used the word shall instead of may. We disagree. If shall replaced may, it would then be mandatory for everyone

convicted of a crime to file a postconviction relief petition. Rather, by its plain language, the statute gives the convicted person the option of filing a postconviction relief petition, but only within a period of 5 years from his conviction date. The option of filing a petition is discretionary, not the time period of limitation.

¶10 Second, Hallam argues that we should apply the statute of limitations in effect at the time of his conviction. He asserts that neither the 1997 nor the 1981 amendments to § 46-21-102, MCA, apply to him. He argues that we should apply the statute as it existed in 1976, the date of his conviction. We do not agree.

¶11 The predecessor to the modern statute of limitations for postconviction relief petitions was first enacted in 1967. At its inception it read "[a] motion for such relief may be made at any time after conviction." Section 95-2604, RCM (1967). In 1977 this statute was first amended to read "[a] petition for such relief may be filed at any time after conviction." Section 95-2604, RCM (1977). In 1978 the citation was changed to its present form while the language remained the same. Section 46-21-102, MCA (1978). In 1981 the legislature added the 5-year limitation and the statute read "[a] petition for such relief may be filed at any time within 5 years of the date of the conviction." Section 46-21-102, MCA (1981). In 1991 the legislature made a minor change in style and added a reference to another statute, it then read "[a] petition for the relief referred to in 46-21-102 may be filed at any time within 5 years of the date of the conviction." Section 46-21-102, MCA (1991). This statute of limitations reached its current form in 1997. It reads as follows:

(1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:

(a) the time for appeal to the Montana supreme court expires;

(b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires;

(c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.

(2) A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did

not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

Section 46-21-102, MCA (1997).

¶12 The answer to Hallam's argument is contained in our decision in Hawkins v. Mahoney, 1999 MT 82, ¶ 9, 294 Mont. 124, ¶ 9, 979 P.2d 697, ¶ 9. In that case we held that "[t]o determine whether a petition is timely, this Court looks to the statute of limitations in effect at the time the petition for postconviction relief is filed." *Hawkins*, ¶ 9. Although Hallam was convicted in 1976 and his direct appeal was final in 1978, he did not file a petition for postconviction relief until 1992. There being a 14-year lag time between when his conviction became final and the filing of his petition. The statute of limitations in effect when Hallam filed his petition imposed a 5-year period of limitations from the time of conviction. Section 46-21-102, MCA (1991). Hallam's petition was untimely filed.

¶13 Even though his petition is untimely, Hallam contends that the "miscarriage of justice" exception allows us to review the merits of his petition. He claims that he was denied effective assistance of appellate counsel. That he should receive special consideration because he is a *pro se* litigant. He also alleges that his due process rights have been violated. For these reasons, he argues, we should ignore the untimeliness of his petition. We do not agree.

¶14 The statute of limitations for postconviction relief petitions may be waived to avoid a clear miscarriage of justice. State v. Perry (1988), 232 Mont. 455, 462, 758 P.2d 268, 273 (*limited to its facts by* State v. Gollehon (1995), 274 Mont. 116, 120, 906 P.2d 697, 700). One so obvious that it renders the judgment a complete nullity. Petition of Gray (1995), 274 Mont. 1, 2, 908 P.2d 1352, 1352. A miscarriage of justice must be based upon newly discovered evidence which establishes that the defendant did not commit the crime. Beach v. Day (1996), 275 Mont. 370, 374, 913 P.2d 622, 624. Furthermore, a miscarriage of justice exception is concerned with actual and not legal innocence. State v. Redcrow, 1999 MT 95, ¶ 33, 294 Mont. 252, ¶ 33, 980 P.2d 622, ¶ 33. A miscarriage of justice exception is extremely rare and only applies to cases where a constitutional violation has resulted in the conviction of an innocent person. *Redcrow*, ¶ 33.

¶15 Hallam raises no new evidence. Rather, Hallam asserts his innocence and repeats his

trial argument. The jury heard and rejected his contentions and we will not revisit them here. None of Hallam's other assertions constitute grounds for excepting him from the appropriate statute of limitations. He makes a number of legal arguments that if correct would only establish legal innocence not factual innocence. This is not to suggest we find any merit to his legal arguments. In the absence of compelling, newly discovered evidence of factual innocence, the miscarriage of justice exception does not apply. The District Court was correct in dismissing Hallam's petition for postconviction relief as untimely.

¶16 The District Court is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER