No. 00-192

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 3N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

WYATT JON BRUCE,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Wyatt Jon Bruce (pro se), Deer Lodge, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin, Assistant Attorney General, Helena, Montana

Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs: October 26, 2000
Decided: January 11, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Wyatt Jon Bruce pleaded guilty to two counts of felony theft on March 17, 1998. Judgment was entered on May 8, 1998. On November 10, 1999, Bruce filed a "Motion for Correction of Illegal Sentence" with the District Court. On February 3, 2000, the District Court denied the motion. Bruce appeals. We affirm.

## BACKGROUND

¶3 On December 19, 1997, Wyatt Jon Bruce was charged by Information with two counts of felony theft, in violation of § 45-5-301, MCA. On December 23, 1997, Bruce appeared in court with counsel, was advised of his rights, and entered pleas of "not guilty" to both counts. Subsequently, pursuant to a plea agreement, Bruce withdrew his earlier pleas of "not guilty" and entered pleas of "guilty" to both counts. On March 17, 1998, Bruce filed a "Plea of Guilty and Waiver of Rights" form with the District Court, and also appeared before the District Court in person and with counsel and entered his pleas of "guilty." The District Court orally pronounced Bruce's final sentence on April 21, 1998. Judgment by the Court was entered on May 8, 1998.

¶4 On November 10, 1999, Bruce filed pro se a "Motion for Correction of Illegal Sentence" with the District Court. The State filed its response on January 5, 2000. On February 3, 2000, the District Court entered an Opinion and Order, determining that Bruce's motion was in fact a petition for postconviction relief because he was challenging the legality of his conviction. The District Court concluded that a petition for postconviction relief was time-barred under the statute of limitations. Bruce appeals.

## DISCUSSION

¶5 Did the District Court properly deny Bruce's petition?

¶6 We review the denial of a petition for postconviction relief to determine whether the trial court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

¶7 Section 46-21-102(1), MCA, provides that a petition for postconviction relief may be filed at any time within one year of the date that the conviction becomes final. If a direct appeal is not pursued, a conviction becomes final when the time for an appeal to this Court expires. Section 46-21-102(1)(a), MCA. Since Bruce's petition challenged the legality of his conviction, the District Court's characterization of Bruce's motion as a motion for postconviction relief is correct. *See* § 46-21-102(1), MCA.

¶8 The District Court then concluded that Bruce's petition was untimely under the statute of limitations for postconviction relief. We agree. Pursuant to § 46-21-102(1), MCA, a petitioner has one year from the time for appeal to the Montana Supreme Court expires to file a motion for postconviction relief. Judgment was entered against Bruce on May 8, 1998. Bruce's right to appeal to this Court expired 60 days later, on July 7, 1998. *See* Rule 5(b), M.R.App.P. Because Bruce's petition was not filed until November 10, 1999, it was not timely filed within the one year statute of limitations. Thus, Bruce's petition is procedurally barred pursuant to § 46-21-102(1)(a), MCA.

¶9 We have held that a waiver of the statute of limitations for postconviction relief petitions can only be justified by a "clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity." *In Re Gray* (1995), 274 Mont. 1, 1, 908 P.2d 1352, 1352. We have previously held that the "miscarriage of justice" exception does not apply to postconviction claims unless they allege newly discovered evidence which would establish that the defendant did not commit a particular offense, and shows that the defendant is likely to be actually innocent of criminal conduct, rather than legally innocent. *Hawkins v. Mahoney*, 1999 MT 82, ¶ 12, 294 Mont. 124, ¶ 12, 979 P.2d 697, ¶ 12. *See also State v. Redcrow*, 1999 MT 95, ¶ 33, 294 Mont. 252, ¶ 33, 980 P.2d 622, ¶ 33. In the case at hand, Bruce makes no claim that he did not engage in the conduct which resulted in the charges, but instead claims improprieties relating to his guilty pleas. Thus, we conclude that the District Court properly applied the procedural bar of § 46-21-102(1), MCA.

¶10 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART