No. 01-078

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 129N

JAMES E. SCOTSON,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Maurice R. Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James E. Scotson, Missoula, Montana (*pro se*)

For Respondent:

Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Montana Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs: May 31, 2001
Decided: July 24, 2001

Filed:

_____

Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Petitioner James Scotson pled guilty to deliberate homicide and judgment was entered on September 22, 1994. Scotson filed a petition for postconviction relief in the District Court on November 3, 2000. The District Court dismissed the petition based on the statute of limitations. Scotson appeals. We affirm.

¶3 The following issue is dispositive on appeal:

¶4 Whether the District Court erred in dismissing Scotson's petition for postconviction relief based on the statute of limitations.

¶5 In September of 1994, James Scotson pled guilty to deliberate homicide in the death of his wife. Following entry of judgment and sentencing, he sought sentence review. Whereas the District Court had declared that Scotson would be ineligible for parole for 17½ years, the Sentence Review Division declared him parole-ineligible for 40 years. An amended judgment was issued on May 10, 1995, reflecting the increase in sentence.

¶6 In 1997, Scotson sought postconviction relief in this Court, challenging the decision of the Sentence Review Division, claiming the Division had no authority to increase his sentence because he was unrepresented by counsel at the hearing. This Court, treating the petition as a request for extraordinary relief, vacated that portion of the amended judgment which extended his parole ineligibility beyond 17½ years.

¶7 In November 2000, Scotson filed a second postconviction relief petition with the District Court, which is at issue here. He raised a variety of issues in this petition. Scotson claimed he was denied both equal protection and due process of law because the sentencing court did not consider mitigating factors when imposing sentence. He argued that his counsel was ineffective for advising him to plead guilty, as opposed to allowing a jury to consider whether there were any mitigating factors involved which would justify a conviction on a lesser offense. Finally, he raised the issue of whether he was subjected to double punishment by the District Court's imposition of an additional ten-year sentence for use of a weapon in the commission of the offense. The District Court dismissed his petition, determining that Scotson was not entitled to relief because the petition was barred by the applicable statute of limitations.

## Discussion

¶8 Whether a district court correctly applied the statute of limitations is a question of law. *Hollister v. Forsythe* (1995), 270 Mont. 91, 93, 889 P.2d 1205, 1206. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal Co. Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶9 Scotson argues that the District Court improperly relied on the one-year statute of limitations found at § 46-21-102, MCA (1997), when it should have applied the five-year statute of limitations, found at § 46-21-102, MCA (1995). The State concedes Scotson is correct. Scotson's claims for postconviction relief arise from his conviction and sentence which occurred on September 24, 1994. Under this Court's decision in *Hawkins v. Mahoney,* 1999 MT 82, 294 Mont. 124, 979 P.2d 697, and the relevant statutory provision, defendants who were convicted prior to April 24, 1996 are subject to the five-year statute of limitations in § 46-21-102, MCA (1995), which was effective from 1981 until April 24, 1997. *Hawkins*, ¶ 10. Because Scotson's original conviction dates back to 1994, the five-year time period should have been applied by the District Court.

¶10 Scotson goes on to argue that the five-year statute did not commence until August 1997, when this Court issued an order granting extraordinary relief and vacating the Sentence Review Division portion of the amended judgment. The State disagrees, and contends that the petition is barred by the longer statute of limitations, because the clear language of the 1995 statute provides that the period of limitations runs from the date of conviction. We agree. The 1995 statute succinctly provides:

**A petition for the relief referred to in 46-21-101 may be filed at any time within 5 years of the date of the conviction.**

Section 46-21-102, MCA.

¶11 Had the Court properly applied the five-year statute, Scotson's deadline for filing a petition for postconviction relief would have fallen on September 22, 1999. Scotson's petition was filed more than thirteen months later, on November 3, 2000. Thus, under the correct statute, dismissal of Scotson's petition would still have been appropriate.

¶12 Despite the District Court's misapplication of the one-year statute of limitations, Scotson's petition was nonetheless properly dismissed. The decision of the District Court is therefore affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ JIM REGNIER