No. 01-158

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 234N

DANIEL WANNER,

Petitioner and Respondent,

v.

MIKE MAHONEY,

Respondent and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Russell C. Fagg, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Daniel Wanner, *Pro Se*, Deer Lodge, Montana

For Respondents:

Honorable Mike McGrath, Attorney General; Jennifer Anders,

Assistant Attorney General, Helena, Montana

Dennis Paxinos, County Attorney, Billings, Montana

Submitted on Briefs: October 11, 2001
Decided: November 30, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Daniel Wanner (Wanner) appeals from the denial of his petition for postconviction relief by the District Court for the Thirteenth Judicial District Court, Yellowstone County.

¶3 Wanner entered pleas of guilty to three separate counts of felony DUI in 1998 and 1999. He was sentenced for all three offenses in June 1999. He did not file an appeal from any of these convictions or sentences.

¶4 On October 6, 2000, Wanner filed a petition for postconviction relief in the District Court alleging various errors. The District Court issued an Order and Memorandum dismissing the petition on January 12, 2001. The District Court held that the petition was barred by the one-year statute of limitations and that the sentencing issues raised could have been raised on direct appeal and were thus procedurally barred. We affirm the District Court.

¶5 Section 46-21-102, MCA (1997), provides that a petition for postconviction relief may be filed at any time within one year of the date that the conviction becomes final. Further, conviction becomes final when the time for appeal to the Montana Supreme Court expires.

¶6 In the present matter, judgment was entered on all three felony DUI offenses on June 18, 1999. Wanner thus had sixty days, until August 17, 1999, to file a direct appeal and until August 17, 2000, to file a postconviction petition. His petition, filed on October 6, 2000, was beyond that deadline.

¶7 The postconviction statute of limitations is a jurisdictional limit on litigation, and its waiver is justified only by a clear miscarriage of justice, i.e., one so obvious that the judgment is rendered a complete nullity. *Petition of Gray* (1995), 274 Mont. 1, 2, 908 P.2d 1352. The miscarriage of justice exception does not apply to postconviction claims unless they allege newly discovered evidence which would establish that the defendant did not commit the offense. *State v. Redcrow,* 1999 MT 95, ¶ 37, 294 Mont. 252, ¶ 37, 980 P.2d 622, ¶ 37. In the present matter, Wanner has alleged various sentencing errors. He has not alleged newly discovered evidence which would establish that he did not commit the offenses.

¶8 Pursuant to § 46-21-201(1), MCA, a district court is authorized to summarily dismiss a petition for postconviction relief if the records and files of the case conclusively show that the petitioner is not entitled to relief. Here, the records clearly show that the petition was barred by the one-year statute of limitations. We hold that the District Court properly dismissed Wanner's postconviction petition without requesting a responsive pleading from the State or conducting an evidentiary hearing.

¶9 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ JIM RICE