FILED

11/21/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0090

DA 23-0090

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 221N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ALOYSIUS DENNIS BLACK CROW,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-96-63
Honorable Molly Owen, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Aloysius Dennis Black Crow, Self-Represented, Warm Springs, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

            James Lapotka, Lake County Attorney, Polson, Montana

Submitted on Briefs:  September 20, 2023

Decided:  November 21, 2023

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion.  It shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Aloysius Dennis Black Crow appeals the ruling of the Twentieth Judicial District Court, Lake County, denying his petition for postconviction relief.  We affirm the District Court's dismissal of Black Crow's petition.  We address separately Black Crow's claim of an illegal sentence and remand to the District Court to strike the ten-year weapon enhancement.

¶3      A jury convicted Black Crow of robbery and aggravated burglary in 1997.  On October 29, 1997, the District Court sentenced him to the Montana State Prison for consecutive forty-year terms for each conviction, and it imposed an additional ten-year consecutive sentence for the use of a weapon.  Black Crow appealed, arguing that the District Court erred in denying his motion for a directed verdict of acquittal for insufficient evidence and that the State presented insufficient evidence to convict him of the offenses. *State v. Black Crow*, 1999 MT 44, ¶¶ 19, 31, 293 Mont. 374, 975 P.2d 1253 (*Black Crow I*).  We affirmed.  *Black Crow I*, ¶ 34.

¶4      Black Crow filed a petition for postconviction relief on February 25, 2000.  The District Court appointed Black Crow counsel.  The State moved to dismiss the petition.

The District Court entered an order denying Black Crow's petition for postconviction relief. Black Crow appealed, arguing for the first time on appeal that he was denied his constitutional right to effective assistance of counsel when his trial counsel did not offer jury instructions on accomplice testimony. *State v. Black Crow*, 2003 MT 41N, ¶ 3 (*Black Crow II*). We affirmed, holding that he did not raise the issue below. *Black Crow II*, ¶ 6.

¶5　　Black Crow filed a motion for new trial in 2021, which the District Court denied. On October 20, 2021, Black Crow filed a second petition for postconviction relief. In sum, Black Crow argued his trial counsel was ineffective, his right to a speedy trial was violated, he suffered from a developmental disability, and tribal officers lacked jurisdiction to handle any facet of his case. The District Court denied the petition as untimely, concluding that Black Crow's grounds for relief were based on legal arguments that were either known or discoverable twenty years prior. The court found that Black Crow offered no newly discovered evidence that could overcome his petition's untimeliness.

¶6　　On December 5, 2022, Black Crow filed a third petition for postconviction relief in the District Court. Black Crow argued that despite the untimeliness of his petition and that this was a successive petition, it was still appropriate for the District Court to consider the merits of his ineffective assistance of counsel claims under the actual innocence fundamental miscarriage of justice exception explained in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995). He again asserted that his speedy trial rights were violated and that he has a developmental disability from a brain injury caused by his pre-term birth.

¶7     The court denied Black Crow's petition as an impermissible successive petition and untimely.  The Court reasoned:

> [The petition] is not saved by MCA § 46-21-102(2), which allows filing within one year of newly-discovered evidence. To fit within that saving statute, Defendant must show the petition was filed within one year of discovery of new evidence or one year of the time the evidence "*reasonably should have been discovered*." This Petition is mainly based on legal arguments which were known or discoverable twenty years ago. Defendant lists these issues as:
>
> 1. There is evidence that creates doubt about his guilt (although he provides no evidence);
> 2. Developmental disability; and
> 3. Ineffective assistance of counsel.
>
> These do not qualify as "newly discovered evidence," or even evidence, and these defenses or arguments were known at [the] time of the previous petitions, or reasonably discoverable.

¶8     This Court reviews a district court's denial of a postconviction petition to determine if its findings of fact are clearly erroneous and if its conclusions of law are correct. *State v. Whitehorn*, 2002 MT 54, ¶ 12, 309 Mont. 63, 50 P.3d 121 (citation omitted).

¶9     Black Crow argues several theories on appeal: (1) there was insufficient information to bring an arrest warrant against him; (2) the State failed to file charges against him in a timely manner following his arrest; (3) he received ineffective assistance of counsel; (4) he was given an illegal sentence for the additional ten-year weapon enhancement; and (5) his trial counsel failed to offer appropriate jury instructions.

¶10    The State contends that the 1995 version of the Montana Code Annotated applies because Black Crow's crime occurred in 1996.  Nevertheless, the State argues that the District Court's rationale in denying Black Crow's petition applies to the fundamental

miscarriage of justice exception we approved in *State v. Redcrow*, 1999 MT 95, ¶¶ 33-34, 294 Mont. 252, 980 P.2d 622 (citing *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865-66).

¶11 In 1997, the Montana Legislature amended the postconviction relief statutes to change the statute of limitations for filing a postconviction relief petition from five years to one year and included a statutory exception to the mandatory time limit for "[a] claim that alleges the existence of newly discovered evidence." *Beach v. State*, 2009 MT 398, ¶¶ 21, 23, 353 Mont. 411, 220 P.3d 667 (quoting § 46-21-102(2), MCA). The postconviction relief statutes prior to 1997 contained no statutory exception. *Beach*, ¶ 23. Even so, in *Redcrow*, we recognized an "extremely rare" exception to the five-year statute of limitations when strict enforcement would result in a "fundamental miscarriage of justice." ¶ 33 (citing *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865-66). Black Crow bases his third petition for postconviction relief on this principle.

¶12 Contrary to the State's assertion, "[w]hen determining whether a petition for postconviction relief is timely, we look to the statute of limitations in effect at the time the petition was filed, not to the statute in effect at the time of the conviction." *Whitehorn*, ¶ 44, (citing *Hawkins v. Mahoney*, 1999 MT 82, ¶ 9, 294 Mont. 124, 979 P.2d 697). By their express terms the 1997 amendments were made applicable only to proceedings in which the conviction became final after April 24, 1997, or during the 12 months prior to April 24, 1997, if a petition is filed within the 12 months after April 24, 1997. 1997 Mont. Laws ch. 378, § 9; *see Hawkins*, ¶ 10 (citing § 46-21-102, MCA, *Annotations*, Compiler's Comments (1997)). A jury found Black Crow guilty on August 15, 1997. Black Crow

5

was sentenced on October 29, 1997, and his conviction became final on March 16, 1999, when this Court affirmed his conviction on appeal. *Black Crow I*, ¶ 34. Black Crow's third postconviction petition was filed on December 5, 2022. The District Court correctly applied the post-1997 limitations in § 46-21-102(1), MCA. It concluded that the issues Black Crow raised in his petition do not qualify as newly discovered evidence under § 46-21-102(2), MCA. We agree.

¶13 Section 46-21-102(2), MCA, provides that "[a] claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later." Black Crow does not state when his discovery of his pre-term birth occurred, other than to say "recently."

¶14 This Court is not obligated to develop legal analysis that might support a party's position on appeal. *State v. Gunderson*, 2010 MT 166, ¶ 12, 357 Mont. 142, 237 P.3d 74 (citation omitted). Though he claims recent discovery of his pre-term birth, Black Crow does not develop the evidence or explain how it meets the *Schlup* standard of actual innocence. *See Redcrow*, ¶ 33 (quoting *Schlup*, 513 U.S. at 329, 115 S. Ct. at 868) ("Actual innocence 'does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant

6

guilty.'") Rather, Black Crow's newly discovered evidence argument reasserts his ineffective assistance of counsel claims, which he raised in prior postconviction petitions. The District Court correctly concluded that the information underlying these claims was discoverable twenty years ago when Black Crow filed his first petition for postconviction relief. Black Crow raised a claim related to his developmental disability in a previous postconviction petition. He is barred from bringing the claim in a second or subsequent petition when he has not shown "grounds for relief that could not reasonably have been raised in the original or an amended original petition." Section 46-21-105(1)(b), MCA.

¶15 Black Crow further contends that the ten-year weapon enhancement added to his aggravated burglary conviction, which itself required proving the use of a weapon, violates his right to protection against double jeopardy under Article II, Section 25 of the Montana Constitution and our precedent in *Guillaume* and *Whitehorn*.

¶16 We held in *State v. Guillaume* that "application of the weapon enhancement statute to felony convictions where the underlying offense requires proof of use of a weapon violates the double jeopardy provision of Article II, Section 25 of the Montana Constitution." 1999 MT 29, ¶ 16, 293 Mont. 224, 975 P.2d 312. We reasoned that the double jeopardy clause found in Article II, Section 25 of the Montana Constitution affords greater protection against multiple punishments for the same offense than that afforded by the Fifth Amendment to the United States Constitution. *Guillaume*, ¶ 16. In *Whitehorn*, we held that *Guillaume* applies retroactively and clarified that felony assault with a weapon

7

and aggravated burglary may not be enhanced under the weapon enhancement statute because those offenses require proof of the use of a weapon. *Whitehorn*, ¶¶ 42, 45.

¶17 In *Lott v. State*, the defendant filed a habeas corpus petition arguing that the district court unconstitutionally enhanced his sentence in violation of the prohibition against double jeopardy under our decisions in *Guillaume* and *Whitehorn*, which were decided after he was sentenced. 2006 MT 279, ¶¶ 2-3, 334 Mont. 270, 150 P.3d 337. The State argued that habeas relief was not available to attack the validity of Lott's sentence because he had not filed a direct appeal or postconviction petition, and the five-year statute of limitations for seeking postconviction relief had passed. *Lott*, ¶ 3 (citing § 46-21-102, MCA). We granted the defendant's habeas petition. *Lott*, ¶ 23. We stated that "incarceration of an individual pursuant to a facially invalid sentence represents a grievous wrong and a miscarriage of justice warranting habeas corpus relief." *Lott*, ¶ 22 (internal quotations and citations omitted).

¶18 Black Crow's aggravated burglary conviction required proof that he was armed with a weapon. Section 45-6-204(2)(a), MCA (1995). Therefore, Black Crow's ten-year weapon enhancement sentence is unconstitutional under Article II, Section 25 of the Montana Constitution. *Guillaume*, ¶ 16; *Whitehorn*, ¶ 45. Like in *Lott*, if Black Crow had filed a timely direct appeal or petition for postconviction relief on the issue of double jeopardy, his argument would have been unavailing since *Whitehorn* was not issued until after Black Crow's filing date expired. *Lott*, ¶ 19. Although Black Crow filed a postconviction relief petition and not a habeas petition, we extend our reasoning in *Lott*

that to uphold Black Crow's ten-year weapon enhancement, a facially invalid sentence, would represent a grievous wrong and miscarriage of justice—his challenge to its legality in his postconviction petition warrants relief. *Lott*, ¶ 22. We therefore deem this claim to be a request for habeas corpus relief and grant it to this extent. The ten-year weapon enhancement is facially invalid.

¶19 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm the District Court's denial of Black Crow's postconviction relief petition, grant his deemed habeas corpus claim, and remand with instructions to strike the ten-year weapon enhancement from the November 17, 1997 Judgment and Commitment.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

9