No. 99-487

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 89

299 Mont. 226

999 P. 2d 313

---

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CORY ROSALES,

Defendant and Appellant.

---

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

Honorable Jeffrey M. Sherlock, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender, Helena, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Elizabeth S.

Baker, Assistant Attorney General, Helena, Montana

Mike McGrath, County Attorney; Carolyn Clemens, Deputy

County Attorney, Helena, Montana

_____

Submitted on Briefs: February 17, 2000

Decided: April 11, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 In light of this Court's decision in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312, Cory Rosales moved the First Judicial District Court, Lewis and Clark County, to amend his sentence for the conviction of felony assault and the use of a weapon pursuant to § 46-18-221, MCA. The District Court dismissed his motion due to the running of the five-year statute of limitations for postconviction relief. Rosales appeals. We affirm the District Court.

¶2 On appeal, Rosales asks us to reconsider two procedural bars effective in a case similar to his, *State v. Nichols*, 1999 MT 212, 295 Mont. 489, 986 P.2d 1093. Specifically, he asks us to reverse our decision on the application of the statute of limitations and the bar against retroactive application of the law. *Cf. Nichols* (holding that both procedural bars precluded the defendant from moving the court to amend his sentence on the basis of *Guillaume*). Rosales asserts that it would be inequitable for us to completely bar him from making a claim for relief since our decision in *Guillaume* makes the weapon enhancement portion of his sentence unconstitutional.

¶3 Because we affirm the District Court's decision based upon the statute of limitations, we do not consider Rosales's argument in regard to retroactive application of the law.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Rosales pled guilty to the charge of felony assault in violation of § 45-5-202(2)(b), MCA (1993), for accelerating his vehicle toward a police officer who was attempting to stop him. He received a deferred

imposition of sentence both for felony assault and for use of a weapon. However, on January 28, 1994, the District Court amended its judgment and revoked Rosales's deferred sentence because he violated its conditions. The District Court sentenced Rosales to the custody of the Department of Corrections and Human Services for a period of ten years for the crime of felony assault and an additional two years, to run consecutively, for the use of a weapon in violation of § 46-18-221, MCA.

¶5 On May 5, 1999, Rosales filed a "Motion to Amend Sentence and/or Post Judgment Relief," contending that the additional two years he was sentenced for use of a weapon put him in double jeopardy based on *Guillaume*, which was decided just two-and-one-half months earlier. In its order on the motion and again in its order on a motion to reconsider, which Rosales appeals, the District Court concluded that Rosales was precluded from relief by the running of the five-year statute of limitations for postconviction relief, citing § 46-21-102, MCA (1995).

¶6 Rosales filed his motion approximately five years and three months after the District Court amended his sentence and just two-and-one-half months after our opinion in *Guillaume* was issued. He argues, in part, that the statute of limitations should be waived because applying it in his case results in a miscarriage of justice.

## DISCUSSION

¶7 The postconviction statute of limitations is a jurisdictional limit on litigation and is waived only when there is a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity. *See Petition of Gray* (1995), 274 Mont. 1, 2, 908 P.2d 1352, 1352 (citing *State v. Perry* (1988), 232 Mont. 455, 758 P.2d 268). Despite Rosales's argument that this Court has inconsistently interpreted the "miscarriage of justice" exception, we have repeatedly held that the exception does not apply to postconviction claims unless the defendant alleges newly-discovered evidence. In addition, the newly-discovered evidence must establish that the defendant did not commit the offense. *See Beach v. Day* (1996), 275 Mont. 370, 374, 913 P.2d 622, 624; *Hawkins v. Mahoney,* 1999 MT 82, ¶ 12, 294 Mont. 124, ¶ 12, 979 P.2d 697, ¶ 12;*State v. Redcrow*, 1999 MT 95, ¶¶ 33-34, 37, 294 Mont. 252, ¶¶ 33-34, 37, 980 P.2d 622, ¶¶ 33-34, 37 (miscarriage of justice refers to actual, not legal, innocence). This is the law we applied in *Nichols*.

¶8 Rosales contends that we should apply the "miscarriage of justice" exception as the Court did in *Perry*, instead. There, the defendant filed a motion for a new trial when a witness who incriminated Perry at trial recanted his trial testimony. Despite the State's argument that the statute of limitations had run, we allowed the defendant's claim, recognizing that barring the claim would have caused him to be held in violation of his constitutional rights and would have deprived him of a method of redress regardless of his diligence or the justness of his claim. We have since stated that our holding in *Perry* is unique to its facts. *See State v. Gollehon* (1995), 274 Mont. 116, 120, 906 P.2d 697, 700. Thus, we do not apply it here.

¶9 Rosales suggests that his own exigent circumstances support the application of the "miscarriage of

justice" exception. He contends that the sentence he received is, in part, unconstitutional; that he timely filed a motion to amend his sentence when *Guillaume* was decided; and that there is no other remedy available to him to obtain relief. The State points out that this is not entirely true--Rosales never made a claim on direct appeal.

¶10 In addition, Rosales suggests that we should focus our analysis on legal error rather than actual innocence of the crime charged. Citing *Davis v. United States* (1974), 417 U.S. 333, 94 S.Ct. 2298, 41 L. Ed.2d 109, in which the United States Supreme Court allowed for the retroactive application of the law when the act of which the defendant was convicted was no longer held to be illegal, Rosales argues that there is a miscarriage of justice where a case that is time barred would otherwise be decided by a retroactive application of the law. Rosales believes that in his case we should allow retroactive application of the law under the exception we recognize when the new law puts primary, private conduct beyond the power of the criminal law to proscribe. *See State v. Egelhoff* (1995), 272 Mont. 114, 126, 900 P.2d 260, 267. However, we conclude that it is inappropriate to correlate these two separate procedural bars in this way.

¶11 In recognition of the importance of applying a procedural bar regularly and consistently, we do not alter the conditions upon which we will waive the applicable statute of limitations.

¶12 Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART