No. 00-099

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 55

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ALANNAH M. WELLS,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jeffrey T. Renz, Attorney at Law, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Micheal S. Wellenstein,

Assistant Attorney General, Helena, Montana

Brant S. Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: December 14, 2000
Decided: April 5, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Alannah M. Wells appeals from an order entered by the Eighth Judicial District, Cascade County, denying her petition for postconviction relief. We affirm.

## BACKGROUND

¶2 In 1997 the State of Montana charged Alannah Wells with Felony Assault, § 45-5-202 (2)(a), MCA (1997). Wells entered a plea of guilty on December 18, 1997. On January 5, 1998, the District Court sentenced Wells to a five year prison sentence with two years suspended for the felony assault and also sentenced her to an additional two years for use of a weapon during the offense. Wells did not appeal her conviction or sentence.

¶3 Wells filed a petition for postconviction relief on December 22, 1999, contending that the enhancement of her sentence imposed for use of a weapon violated our recent decision in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312. The District Court conducted its sua sponte review pursuant to § 46-21-201, MCA (1997), and entered an order dismissing the petition on December 29, 1999. The Court based its holding on *State v. Nichols*, 1999 MT 212, 295 Mont. 489, 986 P.2d 1093. Because the court reviewed the case sua sponte, the State did not appear. Wells appeals.

## STANDARD OF REVIEW

¶4 We review a district court's denial of a petition for postconviction relief to determine whether its findings are clearly erroneous, and whether it correctly interpreted the law. *State v. Wilson*, 1999 MT 52, ¶ 11, 293 Mont. 429, ¶ 11, 976 P.2d 962, ¶ 11.

## DISCUSSION

¶5 Did the District Court err in denying Wells' petition for postconviction relief?

¶6 Essentially, Wells argues that we should apply our holding in *Guillaume* retroactively

and vacate that portion of her sentence imposed for use of a weapon. The State contends that Wells is procedurally barred from raising this issue. We agree.

¶7 In *Guillaume*, we held that the application of § 46-18-221, MCA (weapons enhancement statute) to a felony conviction, where the underlying offense requires proof of the use of a weapon, violates the double jeopardy provision of Article II, Section 25 of the Montana Constitution. *Guillaume*, ¶ 16. In subsequently applying the holding of *Guillaume*, we concluded that we did not announce a rule so implicit in the concept of ordered liberty that it requires retroactive application to cases not pending on direct review and to cases that were final when our opinion was issued. *Nichols*, ¶ 16. Notwithstanding our pronouncement in *Nichols*, Wells urges us to apply our holding in *Guillaume* retroactively.

¶8 As a threshold matter, we must consider whether Wells' petition was timely filed. Section 46-21-102(1), MCA, provides that a petition for postconviction relief may be filed at any time within one year of the date that the conviction become final. The District Court entered its written judgment and sentence on January 2, 1998. The time for filing an appeal expired 60 days after January 2, 1998, which was March 3, 1998. *See* Rule 5(b), M. R.App.P. Therefore, Wells' conviction became final on March 3, 1998. *See* § 46-21-102(1)(a), MCA. It was incumbent on Wells to file her postconviction petition by March 3, 1999, in order to come within the one-year period for filing a postconviction petition. Wells filed her petition for postconviction relief on December 22, 1999.

¶9 Wells argues that, although she failed to timely file her petition for postconviction relief, the one year limitation is not a jurisdictional limitation, but rather a statute of limitations and that she is entitled to an equitable tolling of the statute. A tolling, she argues, should be applied to the time period she was incarcerated in New Mexico and was without adequate legal assistance. Wells points out that this argument was not addressed in the District Court and the matter should be remanded for a hearing on her argument. The State responds that the time limitation set forth in § 46-21-102, MCA, is jurisdictional and thus her petition is time barred.

¶10 We have previously held that the postconviction statute of limitations is a jurisdictional limit on litigation and is waived only when there is a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity. *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7. The miscarriage of justice exception is a narrow one and does not apply unless the defendant alleges newly

discovered evidence that establishes that the defendant did not commit the offense. *See, e. g., Rosales*, ¶ 7 (citations omitted).

¶11 Wells does not present newly discovered evidence that shows she is actually innocent of the crime. *See Rosales,* ¶ 7; *Nichols*, ¶ 20. We see no reason to revisit our decision in *Rosales*. Thus, we conclude that Wells' double jeopardy postconviction claim is time barred by § 46-21-102, MCA.

¶12 Wells' petition for postconviction relief is procedurally barred for another reason. The postconviction statutes do not allow prisoners to raise matters that could have been raised on direct appeal. *In Re Manula* (1993), 263 Mont. 166, 169, 866 P.2d 1127, 1129. Wells could have raised her *Guillaume* double jeopardy claim on direct appeal. Thus, she is additionally barred from raising the issue in a petition for postconviction relief. *See* § 46-21-105(2), MCA. *See also Gollehon v. State,* 1999 MT 210, ¶ 55, 296 Mont. 6, ¶ 55, 986 P.2d 395, ¶ 55, *cert. denied sub nom. Gollehon v. Montana* (2000), 529 U.S. 1041, 120 S. Ct. 1539, 146 L.Ed.2d 353.

¶13 Because Wells is procedurally barred from raising this postconviction claim, we decline to address any further issues.

¶14 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART