No. 01-100

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 179N

CURTIS J. RIGGLES,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Curtis Riggles, *Pro Se*, Great Falls, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Carol E. Schmidt, Assistant

Attorney General, Helena, Montana

Thomas J. Esch, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs: August 9, 2001

Decided: August 30, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Curtis J. Riggles, appearing pro se, appeals from the denial of his petition for postconviction relief by the Eleventh Judicial District Court, Flathead County. We affirm.

¶3 The sole issue on appeal is whether the District Court erred in denying Riggles' petition on the basis that it was time-barred.

## BACKGROUND

¶4 Riggles pled guilty in January of 1998 to, and was convicted of, the offense of felony theft. The District Court held a sentencing hearing and, on May 1, 1998, entered Judgment and Sentence thereon. Riggles was sentenced to the Montana State Prison for 10 years, with 5 years suspended, on certain conditions.

¶5 On or about December 22, 2000, Riggles filed a Motion for Post-Sentence Relief in the District Court alleging, among other things, ineffective assistance of counsel and errors relating to his sentencing hearing. The State of Montana responded. The District Court deemed Riggles' motion a petition for postconviction relief and, thereafter, dismissed the petition on the grounds it was not timely filed. Riggles appeals.

## DISCUSSION

¶6 Did the District Court err in denying Riggles' petition for postconviction relief?

¶7 Section 46-21-102(1), MCA, generally requires a petition for postconviction relief to be filed within 1 year of the date the conviction on which it is based becomes final. Section 46-21-102(1)(a), MCA, provides in pertinent part that a conviction becomes final when the time for appeal to this Court expires. Section 46-21-102(2), MCA, provides:

> A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

The statute of limitations for petitions for postconviction relief is jurisdictional, and its waiver can be justified only by a clear miscarriage of justice. *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7 (citations omitted).

¶8 Here, Judgment and Sentence on Riggles' conviction was entered on May 1, 1998. Rule 5(b), M.R.App.P., requires an appeal in a criminal case to be taken within 60 days after entry of judgment. Riggles did not appeal. Thus, under § 46-21-102(1)(a), MCA, Riggles' conviction became final on or about July 1, 1998. As a result, § 46-21-102(1), MCA, required Riggles to file his petition for postconviction relief by approximately July 1, 1999. As noted above, he filed his petition in December of 2000, nearly 1½ years too late.

¶9 Riggles contends his petition was timely pursuant to § 46-21-102(2), MCA, under the "newly discovered evidence" provision, because he discovered new evidence in December of 2000. He made the same assertion in the District Court, but only after that court's ruling on his petition. It is not clear that this assertion should be addressed, since it was not timely raised in the District Court. In any event, however, Riggles did not specify the purported newly discovered evidence in his petition and reply in the District Court; nor does he do so in this Court. At the very most, he suggests that legislative changes to § 45-6-301(7), MCA, respecting the dollar amount required for a felony theft conviction, constitute new evidence. Changes in the law, however, are not "new evidence."

¶10 On this record, Riggles' petition for postconviction relief is time-barred by § 46-21-102, MCA. Because the timeliness of a petition is jurisdictional (*see Rosales*, ¶ 7), we hold the District Court did not err in dismissing Riggles' petition for postconviction relief.

¶11 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ PATRICIA COTTER