No. 99-697

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 88N

CHARLES L. BAKER, JR.,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead,
                Honorable Ted O. Lympus, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

        Charles L. Baker, Jr., pro se, Missoula, Montana

        For Respondents:

        Honorable Mike McGrath; Attorney General; Micheal S. Wellenstein,
        Assistant Attorney General, Helena, Montana

        Thomas J. Esch, County Attorney; Eric S. Hummel, Deputy County
        Attorney, Kalispell, Montana

                                Submitted on Briefs:   April 11, 2002

                                        Decided:   May 2, 2002

Filed:

        _____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Charles L. Baker (Baker) appeals from the decision of the Eleventh Judicial District Court, Flathead County, denying his petition for postconviction relief. We reverse.

¶3 We address the following issue on appeal:

Is Baker's double jeopardy claim procedurally barred by § 46-21-105(2), MCA, and if not, is he entitled to retroactive application of our decision in *State v. Guillaume*?

FACTS AND PROCEDURAL BACKGROUND

¶4 In August 1995 Baker pled guilty to felony assault. In September 1995 the District Court sentenced Baker to ten years in the Montana State Prison with an additional ten years for use of a weapon during the assault, to be served consecutively. The District Court suspended five years of Baker's total twenty-year sentence.

¶5 On June 14, 1999, Baker filed a petition for postconviction relief in the District Court, alleging that his ten-year sentence under the weapon enhancement statute violated the double jeopardy provision of the Montana Constitution. In support of this

2

argument, Baker cited this Court's decision in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312.

¶6    The District Court denied Baker's petition, concluding that his double jeopardy claim was procedurally barred by the one-year time bar set forth in § 46-21-102, MCA.  This appeal followed.

DISCUSSION

¶7    In its Response Brief, the State concedes that the District Court incorrectly applied the one-year time bar to Baker's petition for postconviction relief.  Baker's conviction became final prior to April 24, 1996.  Therefore, his postconviction relief petition was subject to the pre-1997 version of § 46-21-102, MCA, which set forth a five-year statute of limitations.  We agree and conclude that Baker's petition was timely filed in the District Court.

¶8    The State argues that we should still uphold the District Court decision since Baker's claim is procedurally barred. It claims he could have raised his double jeopardy claim on direct appeal.  The State cites to language in *State v. Wells*, 2001 MT 55, ¶ 12, 304 Mont. 329, ¶ 12, 21 P.3d 610, ¶ 12, that supports this argument.

¶9    In *Wells*, we stated that "[t]he postconviction statutes do not allow prisoners to raise matters that could have been raised on direct appeal. . . . Wells could have raised her *Guillaume* double jeopardy claim on direct appeal.  Thus, she is additionally barred from raising the issue in a petition for postconviction relief." *Wells,* ¶ 12 (citations omitted).

3

¶10 Alternatively, the State argues that, if we find Baker's petition is not procedurally barred, we should still uphold the District Court's denial because we have consistently held that *Guillaume* is only retroactively applied to cases that were not yet final when *Guillaume* was decided.

¶11 We recently addressed both of these issues in *State v. Whitehorn*, 2002 MT 54, 309 Mont. 63. In *Whitehorn*, we overruled the exact language from *Wells* that the State relies on here. We stated, "we overrule in part our holding in *State v. Wells* . . . only to the extent that we held Wells was barred from raising a double jeopardy claim in a petition for postconviction relief pursuant to § 46-21-105(2), MCA, for failing to raise the issue on direct appeal." *Whitehorn,* ¶ 42. Therefore, Baker's claim is not procedurally barred because he did not raise it in a direct appeal.

¶12 Additionally, in *Whitehorn,* we reversed our previous line of cases refusing to give retroactive application of *Guillaume*. We concluded that we had erred in failing to distinguish procedural rules from substantive rules when addressing retroactivity. We held that this Court had erred "to the extent we limited application of *Guillaume* to those cases pending on direct review." *Whitehorn*, ¶ 49. We reiterated, though, that defendants seeking postconviction relief, whether under *Guillaume* or otherwise, are still required to timely file petitions pursuant to § 46-21-102, MCA. *Whitehorn*, ¶ 43.

¶13 Therefore, because Baker's petition for postconviction relief was timely filed, we reverse the District Court's ruling denying

4

Baker relief.  We remand this matter to the District Court for resentencing in accordance with our decision.


/S/ W. WILLIAM LEAPHART



We concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ PATRICIA COTTER



Chief Justice Karla M. Gray, dissenting.


¶14    I respectfully dissent from the Court's opinion for the reasons stated at length in my dissent in *State v. Whitehorn*, 2002 MT 54, 309 Mont. 63.


/S/ KARLA M. GRAY

Justice Jim Rice joins in the foregoing dissenting opinion.

/S/ JIM RICE