No. 02-214

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 194N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CURTIS J. CHRISTIANSON,

Defendant and Appellant.

APPEAL FROM:     District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Curtis J. Christianson (pro se), Missoula, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Cregg W. Coughlin,
Assistant Attorney General, Helena, Montana

Leo Gallagher, Lewis & Clark County Attorney, Helena, Montana

Submitted on Briefs:  July 25, 2002

Decided:  September 5, 2002

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Curtis J. Christianson, appearing *pro se*, appeals from the February 5, 2002, Order entered by the Montana First Judicial District Court, Lewis and Clark County, denying his motion to amend sentence, or in the alternative, petition for habeas corpus or petition for postconviction relief. We affirm.

¶3 The following issues are presented on appeal:

¶4 1. Did the District Court err in denying Christianson's petition for postconviction relief?

¶5 2. Did the District Court err in denying Christianson's motion to amend his sentence?

BACKGROUND

¶6 On October 23, 1996, Christianson was charged with the offense of deliberate homicide in connection with the death of his three year old daughter. On August 28, 1997, Christianson entered a plea of guilty to an amended charge of mitigated deliberate homicide in the District Court. After conducting a sentencing hearing, the court entered an Order on October 9, 1997, sentencing Christianson to the Montana State Prison for forty years, with ten years

2

suspended. The court further designated Christianson as ineligible for parole.

¶7 On November 17, 1997, Christianson filed an application for sentence review. On March 13, 1998, the Sentence Review Division remanded the case to the District Court with directions that the court provide reasons why it declared Christianson ineligible for parole or participation in a supervised release program pursuant to § 46-18-202(2), MCA. On March 19, 1998, the District Court entered an amended judgment setting forth its reasons why Christianson was ineligible for parole. Christianson appealed from the court's March 19, 1998, Order. On July 1, 1999, we issued an Opinion affirming the District Court in *State v. Christianson*, 1999 MT 156, 295 Mont. 100, 983 P.2d 909 .

¶8 Subsequently, Christianson filed a motion to amend the sentence, or in the alternative, a petition for habeas corpus or a petition for postconviction relief in the Montana Fourth Judicial District Court, Missoula County. The court denied his motion on December 11, 2001, concluding that it had no jurisdiction to amend a sentence imposed by the Montana First Judicial District Court, Lewis and Clark County. Additionally, the court concluded that a petition for writ of habeas corpus was not an available remedy to Christianson since he was challenging the validity of his conviction.

¶9 On December 28, 2001, Christianson filed in the Montana First Judicial District Court, Lewis and Clark County, a motion to amend his sentence, or in the alternative, a petition for habeas corpus

3

or a petition for postconviction relief. Therein, Christianson alleged that he received ineffective assistance of counsel during plea negotiations. The District Court denied Christianson's motion on February 5, 2002. The court concluded that it lacked statutory authority to amend Christianson's sentence, absent a clerical error, pursuant to § 46-18-116(3), MCA. Additionally, the court concluded that Christianson could not attack the validity of his conviction by raising claims of ineffective assistance of counsel through a petition for a writ of habeas corpus. The court further concluded that Christianson's petition for postconviction relief was time-barred by § 46-21-102, MCA. Christianson appeals.

## STANDARD OF REVIEW

¶10 We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and its conclusions of law are correct. *See State v. Whitehorn*, 2002 MT 54, ¶ 12, 309 Mont. 63, ¶ 12, 43 P.3d 922, ¶ 12 (citation omitted).

## DISCUSSION

## ISSUE ONE

¶11 Did the District Court err in denying Christianson's petition for postconviction relief?

¶12 Christianson alleges that the District Court erred in determining that his petition for postconviction relief is time barred by § 46-21-102, MCA. He argues that he is entitled to the five year statute of limitations in effect at the time of his offense. In addition, Christianson claims that the statute of

4

limitations should be tolled because he was incarcerated in Tennessee and was without access to Montana legal materials. He further alleges that the statute of limitations should be waived because he is guilty of the offense of negligent homicide instead of the offense of mitigated deliberate homicide.

¶13 In response, the State asserts that Christianson's petition is barred by the one year statute of limitations in effect at the time he filed his petition for postconviction relief. The State points out that Christianson's conviction became final on September 29, 1999. However, Christianson filed his petition on December 28, 2001, more than one year after his conviction became final. Moreover, the State contends that the statute of limitations may not be tolled when Christianson was incarcerated in another state since the statute of limitations for postconviction petitions is a jurisdictional limit on litigation, and its waiver may only be justified by a clear miscarriage of justice, pursuant to our holding in *State v. Wells*, 2001 MT 55, 304 Mont. 329, 21 P.3d 610, *overruled on other grounds by Whitehorn*, ¶ 49. The State further contends that Christianson is not entitled to the miscarriage of justice exception because he has not established that he is actually innocent of the offense of mitigated deliberate homicide. We agree.

¶14 To determine whether a petition for postconviction relief is timely, we look to the statute of limitations in effect at the time the petition is filed, not to the statute in effect at the time of the conviction. *See State v. Charlo*, 2000 MT 192, ¶ 11, 300 Mont.

435, ¶ 11, 4 P.3d 1201, ¶ 11 (citing *Hawkins v. Mahoney*, 1999 MT 82, ¶ 9, 294 Mont. 124, ¶ 9, 979 P.2d 697, ¶ 9).  Since Christianson's petition for postconviction relief was filed on December 28, 2001, we will look at the statute of limitations in effect at that time.  Section 46-21-102, MCA (2001), provides that a petition for postconviction relief "may be filed at any time within 1 year of the date that the conviction becomes final."  Section 46-21-102(1), MCA , states that a conviction becomes final when:

> (a) the time for appeal to the Montana supreme court expires;
>
> (b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or
>
> (c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.

¶15  Here, Christianson's conviction became final on September 29, 1999, in accordance with § 46-21-102(1)(b), MCA.  However, Christianson did not file his petition until December 28, 2001, more than one year after his conviction became final.  Consequently, we conclude that Christianson's petition for postconviction relief is time-barred pursuant to § 46-21-102, MCA.

¶16 Additionally, we conclude that the enforcement of the procedural bar will not result in a fundamental miscarriage of justice in this case.  We have previously held that the statute of limitations for postconviction proceedings is a jurisdictional limit on litigation and is waived only where there is a clear

miscarriage of justice, "one so obvious that the judgment is rendered a complete nullity." *Wells*, ¶ 10 (quoting *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7). A fundamental miscarriage of justice arises only when a jury could find, in light of new evidence, that the defendant is actually innocent of the crime. *See State v. Redcrow*, 1999 MT 95, ¶ 37, 294 Mont. 252, ¶ 37, 980 P.2d 622, ¶ 37. *Also see* Section 46-21-102(2), MCA. Therefore, the fundamental miscarriage of justice exception is concerned with actual and not legal innocence. *See Redcrow*, ¶ 33 (citation omitted).

¶17 Christianson does not present newly discovered evidence that shows he is actually innocent of mitigated deliberate homicide. Rather, he argues he is legally innocent of the crime. Accordingly, we hold that the District Court was correct when it concluded that Christianson's petition for postconviction relief is barred by the one year statute of limitations pursuant to § 46-21-102, MCA.

¶18 In passing we note that the District Court properly denied Christianson's petition for habeas corpus. Pursuant to § 46-22-101(2), MCA, habeas corpus relief is not available to attack the validity of a conviction.

## ISSUE TWO

¶19 Did the District Court err in denying Christianson's motion to amend his sentence?

¶20 Christianson argues that § 46-18-117, MCA, provides the District Court with authority to amend his sentence. He points out

7

that § 46-18-117, MCA, has been repealed.  He argues, however, that § 46-18-117, MCA, was in effect at the time of the commission of his crime, and thus its effect continues in force throughout his sentence.

¶21  We have held that once a valid sentence has been pronounced, the court imposing that sentence has no jurisdiction to modify it, except as provided by statute.  *See State v. Fertterer* (1993), 260 Mont. 397, 400-401, 860 P.2d 151, 154 (citations omitted).  Section 46-18-117, MCA (1999), stated that a court "may correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed or after remand from an appellate court."  However, § 46-18-117, MCA (1999), was repealed in 2001 and replaced by § 46-18-116(3), MCA.  The Compiler's Comments to § 46-18-116, MCA, make clear that the 2001 amendments became effective March 20, 2001, and apply "to all cases currently pending on direct review or that are not yet final."  Therefore, since Christianson alleged his sentence was illegal, we conclude that the District Court correctly concluded that it did not have statutory authority, pursuant to § 46-18-116(3), MCA, to amend Christianson's sentence.

¶22  Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ TERRY N. TRIEWEILER

8