No. 02-360

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002  MT 244N

DOUGLAS E. RYAN,

　　　　　Petitioner and Appellant,

　　v.

STATE OF MONTANA,

　　　　　Respondent and Respondent.

APPEAL FROM:　　District Court of the Second Judicial District,
　　　　　　　　In and for the County of Silver Bow,
　　　　　　　　The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　Douglas E. Ryan, *Pro Se*, Shelby, Montana

　　　　　For Respondent:

　　　　　Hon. Mike McGrath, Attorney General; Jennifer Anders,
　　　　　Assistant Attorney General, Helena, Montana

　　　　　Robert McCarthy, Silver Bow County Attorney, Butte, Montana

　　　　　　　　　　　　　　Submitted on Briefs:　October 10, 2002

　　　　　　　　　　　　　　　　Decided:　November 7, 2002

Filed:

_____
　　　　　　　　　　Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Douglas E. Ryan (Ryan) appeals from the order entered by the Second Judicial District Court, Silver Bow County, denying his motion for transcripts and the production of documents relating to his underlying convictions. We affirm.

¶3 The sole issue on appeal is whether the District Court erred in denying Ryan's motion.

BACKGROUND

¶4 In August of 1999, the State of Montana (State) filed two informations against Ryan, the first alleging he had committed the felony offense of theft and the second alleging he had committed the felony offenses of theft and criminal endangerment. Ryan subsequently pleaded guilty to all three offenses. On January 13, 2000, the District Court sentenced Ryan to 10-year commitments to the Department of Corrections on each count, with the sentences to run concurrently. On April 21, 2000, the court amended Ryan's sentences to three concurrent 10-year terms, with five years suspended on each, and entered judgment on the convictions and sentences. Ryan did not appeal.

2

¶5    In April of 2002, Ryan filed a motion with the District Court requesting copies of transcripts and documents relating to his underlying convictions.  In his motion, Ryan asserted he had made numerous unsuccessful attempts to get the documents from both his attorney and the Silver Bow County Attorney's office.  He further contended the documents were necessary in order for him to prepare a petition for postconviction relief alleging his convictions were invalid on the bases that there was no evidence of the crimes charged, his guilty pleas were involuntary, his counsel was ineffective and the State withheld exculpatory evidence.  The District Court, noting that Ryan's motion essentially challenged the constitutional validity of his convictions, deemed the motion to be a petition for postconviction relief and denied it as untimely filed.  Ryan appeals.

## STANDARD OF REVIEW

¶6    We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and its conclusions of law correct. State v. Wright, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9.

## DISCUSSION

¶7    Did the District Court err in denying Ryan's motion?

¶8    As stated above, the District Court deemed Ryan's motion to be one for postconviction relief and denied it on the basis it was untimely filed.  In that regard, a petition for postconviction relief must be filed within one year of the date a conviction

3

becomes final. Section 46-21-102(1), MCA. A conviction becomes final when, among other things, the time for appeal to this Court expires. Section 46-21-102(1)(a), MCA. An appeal in a criminal case must be filed within 60 days after entry of the judgment appealed from. Rule 5(b), M.R.App.P. Here, the amended judgments were filed on April 21, 2000, and Ryan's convictions therefore became final on June 20, 2000. Ryan did not file his motion until April of 2002, long after the one-year period in which to file a petition for postconviction relief had run.

¶9 Ryan concedes that he did not file a postconviction relief petition within the one-year period as required by § 46-21-102(1), MCA. He contends, however, that at all times during that period he had been making diligent efforts to acquire the transcripts and documents related to the underlying proceedings which he contends were necessary before he could prepare and file such a petition. He further contends it is only because the State, his attorney and the District Court did not comply with his requests for the documents that he was unable to file a petition within the one-year period. Essentially, Ryan argues that the statutory time limit on filing a petition for postconviction relief should be equitably tolled until he is able to acquire the information he asserts he needs.

¶10 The one-year time period in which to file a postconviction relief petition set forth in § 46-21-102, MCA, is a jurisdictional limitation on litigation and may only be waived where the failure to do so would result in a clear miscarriage of justice. State v.

4

Abe, 2001 MT 260, ¶ 15, 307 Mont. 233, ¶ 15, 37 P.3d 77, ¶ 15; State v. Wells, 2001 MT 55, ¶ 10, 304 Mont. 329, ¶ 10, 21 P.3d 610, ¶ 10 (overruled on other grounds in State v. Whitehorn, 2002 MT 54, ¶ 42, 309 Mont. 63, ¶ 42, 43 P.3d 922, ¶ 42).  This miscarriage of justice exception is very narrow, and applies only where a defendant alleges the existence of newly discovered evidence which establishes that he or she did not commit the underlying offense. Abe, ¶ 15; Wells, ¶ 10.  Ryan does not allege the existence of any evidence showing he is innocent of the offenses for which he was convicted.  Consequently, the miscarriage of justice exception does not apply here.

¶11  We conclude Ryan's petition for postconviction relief is barred by the § 46-21-102(1), MCA, one-year limitation period.  We hold, therefore, that the District Court did not err in denying Ryan's motion on that basis.

¶12  Affirmed.

/S/ KARLA M. GRAY


We concur:

/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER
/S/ JIM RICE