No. 02-288

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 273N

KEVIN TEESDALE,

       Petitioner and Appellant,

    v.

STATE OF MONTANA,

       Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                      In and for the County of Yellowstone,
                      The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Kevin Teesdale, Deer Lodge, Montana (*pro se*)

       For Respondent:

       Mike McGrath, Montana Attorney General, Jim Wheelis, Assistant Montana
       Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone County
       Attorney, Billings, Montana

                      Submitted on Briefs:  November 21, 2002

                      Decided:  December 3, 2002

Filed:

                                    Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Kevin Teesdale (Teesdale), *pro se*, appeals from the District Court's March 25, 2002 order summarily denying his motion for postconviction relief. We affirm.

## BACKGROUND

¶3 Teesdale was charged on August 4, 1999, with criminal possession of dangerous drugs, a felony, and criminal possession of drug paraphernalia, a misdemeanor. On March 10, 2000, with the advice of counsel, Teesdale executed an acknowledgment and waiver of rights and pleaded guilty to the felony drug charge. Following the preparation of a presentence investigation report, the court dismissed the misdemeanor charge and sentenced Teesdale to four years with the Department of Corrections. Judgment was filed August 3, 2000, and a notice of the right to apply for sentence review was personally served on Teesdale on August 11, 2000.

¶4 Teesdale did not appeal his conviction or sentence, nor did he petition for sentence review. Rather, on October 18, 2001, Teesdale petitioned this Court for habeas corpus relief. By order dated December 4, 2001, we denied and dismissed Teesdale's petition, directing, however, that the petition be forwarded to the Clerk of the Montana Thirteenth Judicial District Court, Yellowstone County,

2

with instructions that the petition be filed in that court for proceedings on any claims cognizable as claims for postconviction relief, with a filing date of October 18, 2001. As already noted, the District Court thereafter summarily denied Teesdale's motion and Teesdale timely appealed.

¶5 In his original habeas corpus petition filed in this Court on October 18, 2001, Teesdale requested that we remand to the District Court for consideration on the merits, five claims:

1. He was not properly advised of his *Miranda* rights;

2. He had no opportunity to explore affirmative defenses;

3. Newly discovered evidence proved his actual innocence;

4. His attorney was ineffective; and

5. There was prosecutorial misconduct.

¶6 Rather than addressing the merits of Teesdale's claims, the District Court, citing our decision in *State v. Wells*, 2001 MT 55, ¶ 10, 304 Mont. 329, ¶ 10, 21 P.3d 610, ¶ 10, *overruled on other grounds by State v. Whitehorn*, 2002 MT 54, ¶ 42, 309 Mont. 63, ¶ 42, 50 P.3d 121, ¶ 42, ruled that the one-year statute of limitations on postconviction relief prescribed by § 46-21-102(1), MCA, statutorily barred Teesdale's petition.

¶7 Additionally, as to his newly discovered evidence claim, the District Court ruled that Teesdale failed to state what newly discovered evidence showed that he was actually innocent and that all of Teesdale's allegations of newly discovered evidence were known at the time he was sentenced and should have been brought up on appeal or during the period allowed to collaterally attack his conviction in a postconviction proceeding.

## STANDARD OF REVIEW

¶8 This Court reviews a district court's denial of a petition for postconviction relief to determine

3

whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Whitehorn*, ¶ 12 (citation omitted). We review discretionary rulings on postconviction proceedings such as rulings relating to whether to hold an evidentiary hearing for abuse of discretion. *State v. Hanson,* 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

¶9     We stated in *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d, 753, ¶ 9 (quoting § 46-21-104(1)(c), MCA) that

> [a] petition for postconviction relief must be based on more than mere conclusory allegations. "The petition for postconviction relief must . . . identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts."

## DISCUSSION

¶10     *Did the District Court properly deny Teesdale's petition for postconviction relief?*

¶11     Section 46-21-102(1), MCA, provides that a petition for postconviction relief may be filed at any time within one year of the date that the conviction becomes final. In the case at bar, the District Court entered its written judgment and commitment on August 3, 2000. The time for filing an appeal expired 60 days after that date, or October 2, 2000. *See* Rule 5(b), M.R.App.P. Therefore, Teesdale's conviction became final on October 2, 2000. *See* § 46-21-102(1)(a), MCA. Thus, in order to come within the one-year period for filing a postconviction petition, Teesdale was required to file his petition by October 2, 2001.

¶12     Here, Teesdale's petition was filed October 18, 2001, after the running of the statutory time for filing his petition. Indeed, Teesdale himself acknowledges in his petition "that he may be time-barred from filing a petition, inasmuch as 18 months has passed since the date he pleaded guilty to felony possession of dangerous drugs in District Court." While Teesdale's time for filing his petition did not run from the date he pleaded guilty, he is correct, nonetheless, that his petition is

4

time-barred.

¶13    In *Wells,* we reaffirmed that "the postconviction statute of limitations is a jurisdictional limit on litigation and is waived only when there is a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity." *Wells, ¶* 10 (citing *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7). We went on to note that the miscarriage of justice exception is a narrow one and does not apply unless the defendant alleges newly discovered evidence that establishes actual innocence. *Wells*, ¶ 10.

¶14    In the case at bar, Teesdale does not set out with any particular clarity what newly discovered evidence would show his actual innocence. He alleges that the search of his vehicle and his interrogation by the police were improper and that his truck sat for a time without police control before its seizure with the result that there were other people who had access to the vehicle during that period.

¶15    Even if these allegations are true, this information would have been known to Teesdale at the time of his entry of plea and therefore can hardly be considered "newly discovered" evidence. Moreover, such allegations, even if true, do not demonstrate Teesdale's claim of actual innocence.

¶16    Similarly, as to Teesdale's other claims, i.e., that he was not given proper *Miranda* warnings; that he had no opportunity to explore affirmative defenses; that his attorney was ineffective; and that there was prosecutorial misconduct, Teesdale fails to demonstrate why these grounds could not have been raised in a timely-filed postconviction proceeding.

¶17    Finally, while the trial court determined that Teesdale's petition was time-barred, it is also worth noting that his petition is procedurally barred as well. The postconviction statutes preclude defendants from raising in postconviction proceedings matters that could have been raised on direct

appeal. *Wells*, ¶ 12 (citing *In re Manula* (1993), 263 Mont. 166, 169, 866 P.2d 1127, 1129).  Section 46-21-105(2), MCA, provides that where a petitioner has been afforded the opportunity for a direct appeal, grounds for relief that were or could reasonably have been raised on direct appeal, cannot be raised, considered or decided in a postconviction proceeding.

¶18     Here, Teesdale was afforded the remedy of direct appeal. He simply chose not to pursue that remedy.  And, importantly, all of his claims, with the possible exception of his ineffective assistance of counsel claim, could have been raised on direct appeal.  Therefore, such claims are barred under § 46-21-105(2), MCA.

¶19     We conclude that the District Court's summary denial of Teesdale's petition as being statutorily barred is correct.  Accordingly, the court is affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JIM RICE

6