No. 02-671

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 139N

DOUGLAS R. VEIS,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause No. DV 56-2002-744,
                Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Douglas Veis, *pro se*, Shelby, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Carol E. Schmidt,
        Assistant Attorney General, Helena, Montana

        Dennis Paxinos, County Attorney, Billings, Montana

        Submitted on Briefs:  March 20, 2003

        Decided:  June 7, 2004

Filed:

                      Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), of the Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court. It shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Douglas R. Veis (Veis) appeals from an order entered by the Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief. We affirm.

¶3 We restate the issues on appeal as follows:

¶4 1. Did the District Court err in dismissing the postconviction relief petition on the grounds that it was time-barred?

¶5 2. Is the time bar unconstitutional as violating the *ex post facto* prohibition?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 On November 1, 1995, the State of Montana charged Veis with three felony counts of sexual intercourse without consent, in violation of § 45-5-503, MCA. The State alleged that during 1993-1995, Veis had sexual intercourse twice with S.B., and once with B.J., who were then between the ages of four and ten. A trial was held in June 1996, but the jury was unable to reach a verdict. A second trial was scheduled for August 1996. Prior to the second trial, the State amended the Information to add a fourth felony count of sexual intercourse without consent during the same period based on another incident with S.J. At the conclusion of a four-day trial, a jury convicted Veis on all four counts. On January 2, 1997,

the District Court sentenced Veis to forty-year sentences for each conviction.  Veis was held in the State of Texas from June 1997 until September 1999 at which time he was returned to Crossroads Correctional Center in Shelby, Montana.

¶7    Veis appealed his conviction, and this Court affirmed the judgment of the District Court on June 25, 1998.  *State v. Veis*, 1998 MT 162, 289 Mont. 450, 962 P.2d 1153.  The only two issues raised by Veis on direct appeal involved alleged errors by the District Court regarding the admission of testimony.  *Veis*, ¶¶ 13, 20.

¶8    Veis filed a petition for postconviction relief on August 28, 2002.  On September 3, 2002, the District Court denied Veis's petition on grounds it was untimely pursuant to § 46-21-102, MCA, and that it did not allege the existence of newly-discovered evidence.  Veis appeals.

## STANDARD OF REVIEW

¶9    We review a district court's denial of a petition for postconviction relief to determine whether its findings are clearly erroneous, and whether it correctly interpreted the law.  *State v. Wells*, 2001 MT 55, ¶ 4, 304 Mont. 329, ¶ 4, 21 P.3d 610, ¶ 4 (citing  *State v. Wilson*, 1999 MT 52, ¶ 11, 293 Mont. 429, ¶ 11, 976 P.2d 962, ¶ 11),  *overruled on other grounds* in *State v. Whitehorn*, 2002 MT 54, ¶ 42, 309 Mont. 63, ¶ 42, 50 P.3d 121, ¶ 42.

## DISCUSSION

### Issue 1

¶10    ***Did the District Court err in dismissing the postconviction relief petition on the grounds that it was time-barred?***
¶11    Veis asserts the District Court erred in dismissing his petition for postconviction relief on the basis it was time-barred.  Veis argues that after the date of sentencing and entry of

judgment on January 2, 1997, the Montana Legislature, through amendment of § 46-21-102, MCA, reduced the statutory period for filing a petition for postconviction relief from five years to one year. Veis contends this amendment deprived him of the five-year filing period to which he was entitled under the postconviction statute in effect at the time of his conviction.

¶12 In 1997, the Montana Legislature amended the procedures for seeking postconviction relief under § 46-21-101, MCA, *et seq.* Among other changes, the amendments reduced the statute of limitations for filing a petition from five years to one year from the date a conviction becomes final. Montana Session Laws (1997), Ch. 378, Sec. 4. A special relation-back provision of the 1997 legislation subjected all convictions occurring during the twelve months prior to the April 24, 1997, effective date to the amended procedures. Montana Session Laws (1997), Ch. 378, Sec. 9. The act afforded persons convicted between April 25, 1996, and April 24, 1997, another year following the legislation's effective date, or until April 24, 1998, in which to file their postconviction relief petitions. *See* "Applicability" section of Compiler's Comments to § 46-21-102, MCA (1997).

¶13 Section 46-21-102(1), MCA, as amended in 1997, states:

**46-21-102. When petition may be filed.** (1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at anytime within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:
    (a) the time for appeal to the Montana supreme court expires;
    (b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or
    (c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.

(2) A claim that alleges the existence of newly discovered evidence, that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

¶14    Veis was sentenced and judgment entered on January 2, 1997. Veis appealed, and this Court affirmed the conviction on June 25, 1998. *See Veis*. Veis's conviction became final 90 days thereafter, or September 23, 1998. *See* § 46-21-201(1)(b), MCA (1997); Rule 13, Rules of the Supreme Court of the United States; *Davis v. State*, 2004 MT 112, ¶ 14, 321 Mont. 118, ¶ 14, 88 P.3d 1285, ¶ 14. Veis's September 23, 1998, final conviction date was approximately a year and a half after the legislation passed. Veis then had an additional year, from September 23, 1998, to September 23, 1999, to file his petition for postconviction relief. Veis filed his petition for postconviction relief on August 28, 2002.

¶15    Although Veis was sentenced prior to the change in statute, he nonetheless had approximately a year and a half prior to his conviction becoming final to absorb this change, which allowed him another year thereafter to file his petition for postconviction relief. We therefore conclude that the District Court did not err in determining that Veis's petition was time-barred.

¶16    Veis nonetheless argues that the statute of limitations should be equitably tolled during the time he was incarcerated in Texas (June 1997 through September 1999), and upon his return to the Crossroads Correctional Center in Shelby, Montana, because he was unaware of the change in the statute which occurred while he was out of state, and the

Shelby correctional facility did not provide access to legal research materials. However, this Court has already considered and expressly rejected such assertions. *See Wells*. In *Wells*, the petitioner had argued that, although she failed to timely file her petition for postconviction relief, the one-year limitation was not a jurisdictional limitation, but rather a statute of limitations, and that she was entitled to an equitable tolling of the statute. Like Veis, Wells argued that the tolling should be applied to the time period she was incarcerated out of state and allegedly without adequate legal assistance. *Wells*, ¶ 9.

¶17 This Court rejected the argument because § 46-21-102, MCA, is a jurisdictional limit on postconviction litigation, and we have held its waiver may only be justified by a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity. *Wells*, ¶ 10 (citing *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7); *see also Petition of Gray* (1995), 274 Mont. 1, 2, 908 P.2d 1352. This narrow exception to the jurisdictional limitation of § 46-21-102, MCA, was further discussed in numerous cases including *Hawkins v. Mahoney*, 1999 MT 82, ¶ 12, 294 Mont. 124, ¶ 12, 979 P.2d 697, ¶ 12; *State v. Charlo*, 2000 MT 192, ¶ 13, 300 Mont. 435, ¶ 13, 4 P.3d 1201, ¶ 13; and *State v. Redcrow*, 1999 MT 95, ¶ 34, 294 Mont. 252, ¶ 34, 980 P.2d 622, ¶ 34. These cases establish that the "miscarriage of justice" exception is a narrow one and does not apply unless the defendant alleges newly-discovered evidence that establishes that the defendant did not commit the offense. *See, e.g., Rosales*, ¶ 7. This Court has held that the exception is extremely rare and is limited to extraordinary cases in which a constitutional

6

violation has probably resulted in the conviction of one who is actually innocent, which was not so claimed here by Veis. *See, e.g., Redcrow*, ¶ 33. Thus, Veis's petition is time-barred.

**Issue 2**

¶18 *Is the time bar unconstitutional as violating the* **ex post facto** *prohibition?*

¶19 Veis further asserts the time bar in the 1997 amendment to § 46-21-102, MCA, constitutes a violation of his constitutional right against *ex post facto* laws. Article I, Section 10, of the United States Constitution prohibits the States from passing any *ex post facto* law. *California Dept. of Corrections v. Morales* (1995), 514 U.S. 499, 504, 115 S.Ct. 1597, 1601, 131 L.Ed.2d 588. Article II, Section 31, of the Montana Constitution also prohibits the passage of *ex post facto* laws. *State v. Duffy*, 2000 MT 186, ¶ 29, 300 Mont. 381, ¶ 29, 6 P.3d 453, ¶ 29; *In re Young*, 1999 MT 195, ¶ 14, 295 Mont. 394, ¶ 14, 983 P.2d 985, ¶ 14. This Court has articulated a two-part test to determine whether a statute violates the constitutional ban on *ex post facto* laws: (1) the law must be retrospective, and (2) it must disadvantage the offender affected by it. *Duffy*, ¶ 29 (citing *State v. Leistiko* (1992), 256 Mont. 32, 36-37, 844 P.2d 97, 100). We have stated that a statute was retrospective because it changes the legal consequences of actions committed before its effective date. *Young*, ¶ 14. The second prong of the test requires that the law at issue must be more onerous than the prior law. *Young*, ¶ 14.

¶20 The 1997 amendments to § 46-21-102, MCA, made the procedures by which a petitioner may seek relief after conviction expressly retroactive. Retroactive laws include both laws with a retrospective effect and *ex post facto* laws. *Saint Vincent Hosp. and Health*

7

*Center, Inc. v. Blue Cross and Blue Shield of Montana* (1993), 261 Mont. 56, 60, 862 P.2d 6, 9. We have defined a retrospective law as one "which takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions already passed." *Saint Vincent Hosp.*, 261 Mont. at 60, 862 P.2d at 9 (quoting *City of Harlem v. State Highway Comm'n.* (1967), 149 Mont. 281, 284, 425 P.2d 718, 720). By contrast, the constitutional prohibition against *ex post facto* laws "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *Duffy*, ¶ 29 (citing *Morales*, 514 U.S. at 504, 115 S.Ct. at 1601). Changes in procedure which do not affect substantial rights do not implicate the prohibition against *ex post facto* laws. *State v. Goebel*, 2001 MT 155, ¶ 28, 306 Mont. 83, ¶ 28, 31 P.3d 340, ¶ 28; *Duffy,* ¶ 31.

¶21     We conclude that because this procedural change neither alters the definition of the crime for which Veis was convicted nor increases his punishment, it did not affect his substantial rights. Therefore, the amended statute of limitations is not subject to prohibition against *ex post facto* laws.

¶22     We additionally note that Veis raises fourteen issues in his petition for postconviction relief. Thirteen of the fourteen are procedurally barred for failure to raise them on direct appeal. Section 46-21-105(2), MCA. This Court has stated numerous times that it will not review issues that were not preserved for appeal in the district court. *See, e.g., State v. Schmalz*, 1998 MT 210, ¶¶ 11-13, 290 Mont. 420,  ¶¶ 11-13, 964 P.2d 763,  ¶¶ 11-13; *State v. Spotted Blanket*, 1998 MT 59, ¶ 13,  288 Mont. 126, ¶ 13, 955 P.2d 1347, ¶ 13.

8

Ineffective assistance of counsel claims must be raised by petition for postconviction relief where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case. *State v. Wright*, 2001 MT 282, ¶ 12, 307 Mont. 349, ¶ 12, 42 P.3d 753, ¶ 12. Although Veis's fourteenth issue, ineffective assistance of counsel for failing to raise the other thirteen issues, could have been raised by petition for postconviction relief under the circumstances articulated in *Wright*, it is nonetheless disposed by the statute of limitations question resolved in the case *sub judice*.

¶23 Affirmed.

/S/ JIM RICE

We concur:

/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER

Justice W. William Leaphart specially concurring.

¶24    I concur in our opinion with the exception of ¶ 17 wherein we state that § 46-21-102, MCA, is a "jurisdictional limit" on postconviction litigation.  I do not necessarily agree with this characterization.  However, even if that statute is treated as a nonjurisdictional statute of limitations, I do not agree with Veis that he was entitled to equitable tolling due to his being out of state.

                                        /S/ W. WILLIAM LEAPHART