JUSTICE BAKER,
concurring.
¶45 I concur in the Court’s opinion. This Court has held for more than forty years that a constitutionally infirm conviction may not be used to support enhanced punishment. Lewis, 153 Mont. at 463, 457 P.2d at 766. Since 1997, we have applied that rule to allow a defendant to collaterally attack a prior conviction by “presenting] direct evidence in support of his claim that his constitutional rights were violated in a prior proceeding.” Okland, 283 Mont. at 17, 941 P.2d at 436. While the strong interest in finality of judgments supports placing a limit on collateral attack of underlying convictions, there is no textual basis for a rule that allows such attack for the violation of one fundamental right but not for the violation of another, equally fundamental right. I therefore agree with the Court’s decision to reject that artificial distinction in favor of a rule of convenience.
¶46 The legislature has enacted strict limitations on a convicted person’s right to seek postconviction relief from a sentence imposed in violation of the constitution or laws of this State or the constitution of the United States. Sections 46-21-101-105, MCA. The statutes expressly allow an additional one year within which to challenge a conviction upon the discovery of new evidence that would establish a defendant’s actual innocence. Section 46-21-102(2), MCA; Beach v. State, 2009 MT 398, ¶¶ 21-22, 353 Mont. 411, 220 P.3d 667. We have consistently applied these limits in the interest of finality of judgments, preserving the integrity of the judicial process, and securing the orderly administration of justice. See e.g. State v. Rosales, 2000 MT 89, 299 Mont. 226, 999 P.2d 313; Davis v. State, 2008 MT 226, ¶¶ 23-26, 344 Mont. 300, 187 P.3d 654.
¶47 As the Court observes, however, the postconviction statutes apply only when the defendant seeks to vacate, set aside, or correct the underlying sentence or revocation order. Opinion, ¶ 33, n.5; Section 46-21-101, MCA. The decision whether to impose such procedural bars on *201 challenges to the use of a prior conviction for sentence enhancement is within the province of the legislature. A statutory scheme governing collateral attacks that provides limits similar to those imposed by the postconviction statutes would better advance the administration of justice than would this Court’s attempt to pick and choose between constitutional rights of equal stature.